STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
PROVIDENCE SC. SUPERIOR COURT

CA 05 500T

| | |
|---|---|
| Shirley Shumacher<br>Plaintiff<br><br>v.<br><br>Fairfield Resorts Inc. a foreign Corp. doing business in R.I., Core Inc. a foreign corp. doing business in R.I., and A,B,C. unknown and unascertained defendants whose identities may or shall become known, each as their interest may or shall appear, defendants | C.A. NO. 05-4871 |

# COMPLAINT

Plaintiff Shirley Shumacher, by her attorney Leo P. Attilli, for her complaint against the defendants respectfully shows the Court and alleges as follows:

## NATURE OF ACTION

1. This is an action to redress the deprivation of rights secured to the Plaintiff by Title VII of the civil Rights Act of 1964, 42 USCS §§2000e et seq. (Title VII), and the age Discrimination in Employment Act, as amended 29 U.S.C,§§621 et seq. ("ADEA"), and the Family And Medical Leave Act of 1993,("FMLA"), 29 S.C. §§22601 et seq. and the Rhode

Island Fair Employment Practices Act (R.I.G.L. §§28-5-1,etseq.) and the Rhode Island Civil Rights Act of 1990 (R.I.G.L §§ 42-112-11, et seq.), and the Rhode Island Parental And Medical Leave Act. (R.I.G.L. §§28-48-2,et seq.)

## JURISDICTION

2. This Court has jurisdiction pursuant to Rhode Island General Law (R.I.G.L. § 8-2-13) and (R.I.G.L. § 25-5-28). The Plaintiff also invokes the jurisdiction of this court to consider the causes of action arising under Rhode Island Common Law sounding in tort and or/contract.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Shirley Shumacher ("Ms. Shumacher") filed a charge of discrimination on the basis of sex and age against Fairfield Resorts Inc. with the Equal Employment Opportunity Commission ("EEOC") and the Rhode Island Commission for Human Rights ("RICHR"). A true and correct copy of the aforementioned Charge of Discrimination is Attached to this complaint as Exhibit "A".

4. After investigating Ms. Shumacher"s charge of Discrimination RICHR through it's Executive Director, issued to Ms. Shumacher a Notice of Right to Sue letter, a copy of which is attached to this complaint as Exhibit "B". Ms. Shumacher " has complied fully with all administrative prerequisites under ("Title VII") and ("ADEA").

## PARTIES

5. Ms. Shumacher ("Plaintiff") is a female born on December 12, 1939. She was employed

by Fairfield located in Newport, Rhode Island for approximately five and a half years. She was notified on April 21, 2004 that she was being terminated effective March 30, 2004. She is a resident of Newport, Rhode Island.

6. Fairfield Resorts Inc. ("Defendant") is a Delaware corporation in the Time Share Business and is an employer within the meaning of TitleVII, ADEA and the FMLA. Defendant maintains its principal place of business at 847 South Park Circle, Orlando, FL. 32819-USA.

7. Core Inc. (Inc.) ("Defendant") is a corporation employed bt Defendant Fairfield Resorts Inc. to evaluate request for leave under FMLA. Defendant maintains principal place of business at One River Front Plaza, Westbrook, Maine 04092 The defendants A,B, & C, are unknown and unascertained defendants that may or shall become know upon due and diligent discovery.

## FACTUAL ALLEGATIONS

8. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "7" of this complaint with the same force and effect as if fully set fourth herein.

9. Plaintiff was employed by defendant or its predecessor for approximately five and one half years. At the time of her termination plaintiff was Sales Manager. Throughout her employment she Distinguished herself professionally and made substantial contributions to defendant and was repeatedly in the top 12% of sales

10. In early January 2004, Plaintiff's supervisor Joe Hutnick ("Mr. Hutnick") began to criticize and undermined her credibility as a program manager. Subsequently, and summarily she was removed as program manager and demoted to a lesser paying sales position. Her management position was then filled with a younger male employee.

11. On January 24, 2004 plaintiff had a meeting with Mr. Hutnick. During this meeting he became very critical of the plaintiff's performance and the performance of the sales program. Mr.

Hutnick indicated that the same program was being conducted in Wisconsin and was doing very well. After this meeting in an effort to improve her performance, plaintiff called Wisconsin to learn if there was something they were doing there that they were not doing in Rhode Island.

12. Wisconsin advised the plaintiff that it did not have a similar sales program and in fact that business was very slow. When the plaintiff advised Mr. Hutnick that she had called Wisconsin and repeated what she had been told he became visibly upset and asked her why she made that call. Plaintiff explained that she was seeking guidance so as to improve her performance and that of the program. Mr. Hutnick then stated to the plaintiff "you're a cunt" turned and walked off.

13. Plaintiff immediately became very upset and distraught by Mr. Hutnick's conduct. Shortly after this incident plaintiff left for Florida on a scheduled vacation. While in Florida plaintiff was unable to relax and instead continued to focus on Mr. Hutnick's comments. She became more despondent and depressed. As a result, she ended her vacation early and returned to Rhode Island. Shortly thereafter she sought the care of her physician.

14. Plaintiff's physician advised her to remain out of work. In early February 2004, she provided Mr. Hutnick with her physician's request that she be granted medical leave. Plaintiff did

as instructed and requested leave under the Family Medical Leave Act ("FMLA").

15. In a letter from defendant dated April 21, 2004, plaintiff was advised that "CORE" a company employed by the defendant to evaluate request for leave under the FMLA had denied her request. Consequently, her employment was being terminated effective March 30, 2004. All plaintiff's employee medical coverage and benefits were subsequently terminated.

16. The aforementioned reason or reasons for terminating plaintiff are pretextual. The

termination of plaintiff violated one, some or all of the following laws: Title VII, ADEA, FMLA, public policy violation and violation of Rhode Island employment and family medical leave laws.

## Damages

17. As a direct proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, plaintiff has suffered a loss of income, including but not limited to, past and future wages, benefits, expenses, pain and suffering, compensatory damages and punitive damages, all to be specified at trial.

## STATEMENT OF CLAIMS

### Count One

18. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

19. By the above acts defendant's have violated Title VII by discriminating against plaintiff because of her sex in the terms, conditions and privileges of her employment.

20.Defendant's acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

21. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this court grants relief.

### Count Two

22. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through 16" of this complaint with the same force and effect as if fully set fourth herein.

23. The decisions to demote and subsequently terminate the plaintiff from her employment were based on age in violation of ADEA. Defendant's knew or recklessly disregarded that its conduct violated the ADEA. Defendant'' violation of the ADEA is willful within the meaning of that statute.

24. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this court grants relief.

Count Three

25. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

26. The defendant's denial of medical leave to the plaintiff and the summary termination of her employment violates the laws of the FMLA. Defendants conduct denied the plaintiff a federally protected right within the meaning of that statute.

27. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

Count Four

28. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

29. By the above acts the defendant's violated the Rhode Island Fair Employment Practices Act. By discriminating against the plaintiff because of her sex and age in the terms, conditions and privileges of her employment.

30. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

Count Five

31.Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

32. By the above acts the defendant's violated the Rhode Island Civil Rights Act of 1990. By discriminating against the plaintiff because of her sex and age in the terms, conditions, and privileges of her employment.

33. Plaintiff ids now suffering and will continue to suffer irreparable and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

Count Six

34. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

35. Defendant's termination or constructive termination of the plaintiff from her employment violates the laws of the Rhode Island Parental and Medical Leave Act. In the terms, conditions and privileges of her employment.

36 Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

Count Seven

37. Plaintiff repeats and realleges the allegations in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

38. Defendant's termination or constructive termination of plaintiff's employment on account of her work related injury was a violation of public policy of the state of Rhode Island.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the defendant's purposeful discriminatory practices unless or until this Court grants relief.

## Count Eight

40. Plaintiff repeats and realleges the allegations numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

41. Defendant's wrongful acts constitute negligence and reckless conduct toward the plaintiff, that such acts constitute a breach of the express and implied terms and conditions of the understanding and agreement between the defendant's and the plaintiff as employer and employee.

42. Plaintiff is now suffering and will continue to suffer irreparable and monetary damages as a result of the defendant's purposeful discriminatory practices unless and until this Court grants relief.

## Count Nine

43. Plaintiff repeats and realleges the allegations numbered in paragraphs "1" through "16" of this complaint with the same force and effect as is full set fourth herein.

44. Defendants should be estopped to deny their promises and commitments to the plaintiff to follow the policies and procedures set fourth in their personal manual governing the application of equal treatment to its employees, which the plaintiff relied upon to her detriment.

45. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants purposeful discriminatory practices unless and until this Court grants relief.

Wherefore plaintiff demands judgment as follows:

(1). Counts 1 to 9 as follows:
Counts one to nine inclusive, that plaintiff take against defendants, each as their interest may or shall appear via judgment in a monetary sum, good and sufficient to render her whole, with costs and recoverable counsel fees as provided by law.

(2). That judgment be taken jointly and severally to each defendant as their interests may or shall appear.

(3). that plaintiff may change alter and amend her complaint consistent with the exigencies of the cause upon due and diligent discovery and as shall be fair, mete, and just.

Leo P. Attilli
Attorney at Law
891 Warwick Avenue
Warwick, RI 02888
(401-781-1144)
(Fax-785-9959)

**DEMAND FOR JURY TRIAL**

Plaintiff herein demands a jury trial and puts herself on the country.

Plaintiff Shirley Schumacher
By her Counsel,

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 05 EAG 044 EEOC NO. 16JA400291

In the matter of

Shirley N. Schumacher
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Fairfield Resorts, Inc.
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

10/24/05
Date

Michael D. Évora
Executive Director

*******************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a right to sue in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the right to sue within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Leo Attilli, Esq.
Peter Wendzel, Esq.
Franz Hanning, President
Corporation Service Company

A-72

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [X] FEPA [ ] EEOC

CHARGE NUMBER: 05EAG 044-25/50 16JA400291

R I Commission For Human Rights and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | | HOME TELEPHONE (Include Area Code) |
|---|---|---|
| Ms. Shirley N. Schumacher | | (401) 841-0618 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 478 Purgatory Road, Middletown, RI 02852 | | 12/12/1939 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Fairfield Resorts, Inc. | Cat C (201-500) | |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |
| 8427 South Park Circle, Orlando, FL 32819 | | 095 |
| NAME | | TELEPHONE NUMBER (Include Area Code) |
| | | |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [X] AGE [X] DISABILITY [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 04/03/2002 LATEST 03/30/2004
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

1. I was subjected to discriminatory terms and conditions of employment, including sexual harassment, by my former employer, Fairfield Resorts, Inc. I was employed as a Sales Manager until my termination on or about March 30, 2004.

2. Respondent stated no reason for the discriminatory treatment I was forced to endure.

3. I believe I have been discriminated against on the basis of my sex (female), age (64) (date of birth December 12, 1939), and mental disability (work-related stress) in that my employer allowed my co-workers to subject me to sexual harassment which I neither wanted nor encouraged. In the normal course of work duties I was subjected to a constant barrage of explicitly sexual comments by my younger male co-workers. This hostile work environment became so intolerable that I was forced to go on Temporary Disability Insurance on February 3, 2004 for work-related stress. On or about April 21, 2004, I received notification from my employer that I was terminated as of March 30, 2004. These actions are in violation of Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, the Americans with Disabilties Act and applicable state laws.

SEP 22 2004
R.I.C.H.R.

MARY B MANUEL
Notary Public ID#: 48621
My Commission Expires 8/27/2005

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct

SIGNATURE OF COMPLAINANT [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) 9/21/04 [signature]

Date 9/21/04 [signature] Charging Party (Signature)

EEOC FORM 5 (Rev. 07/99)

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Mr. Franz Hanning
President
Fairfield Resorts, Inc.
8427 South Park Circle
Orlando, FL 32819

PERSON FILING CHARGE
Schumacher, Shirley N

THIS PERSON (check one)
[X] CLAIMS TO BE AGGRIEVED
[ ] IS FILING ON BEHALF OF ANOTHER

DATE OF ALLEGED VIOLATION
*Earliest* 04/03/2002 *Most Recent* 03/30/2004

PLACE OF ALLEGED VIOLATION
Orlando, FL

EEOC CHARGE NUMBER
16JA400291

FEPA CHARGE NUMBER
05EAG044-25/50

## NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTIONS WHERE A FEP AGENCY WILL INITIALLY PROCESS

*(See attached information sheet for additional information)*

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act of 1964
[X] The Age Discrimination in Employment Act of 1967 (ADEA)
[X] The Americans with Disabilities Act

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to ______________ *(FEP Agency)*

[X] The R I Commission For Human Rights *(FEP Agency)* and sent to the EEOC for dual filing purposes.

While EEOC has jurisdiction (upon the expiration of any deferral requirement if this is a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X] As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained in the "EEOC Rules and Regulations" apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ] An Equal Pay Act investigation (29 U.S.C. 206(d)) will be conducted by the Commission concurrently with the Agency's investigation of the charge.

[ ] Enclosure: Copy of Charge

BASIS OF DISCRIMINATION

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] NAT. ORIGIN [X] AGE [X] DISABILITY [ ] RETALIATION [ ] OTHER

CIRCUMSTANCES OF ALLEGED VIOLATION

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| | Robert L. Sanders<br>Director | |

EEOC FORM 131-A (Rev. 08/92)

**CHARGING PARTY'S COPY**