UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown,<br><br>Defendants. | : | C.A. No. 05-500-T |

**ANSWER**

Defendant, Fairfield Resorts, Inc., by way of Answer to Plaintiff's Complaint, states as follows:

1. Paragraph 1 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1 of the Complaint.

2. Paragraph 2 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff filed a charge of discrimination with the named agencies. Defendant avers that the document referenced in paragraph 3 of the Complaint speaks for itself.

4. Paragraph 4 contains a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff is a former employee who was terminated. Defendant is without information sufficient to form an opinion regarding the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint, except states that its correct address is 8427 South Park Circle, Orlando, FL, 32819.

7. Defendant admits that Core Inc. was retained to evaluate employee requests for leaves under the Family and Medical Leave Act. Defendant is without knowledge or information sufficient to form an opinion regarding the remaining allegations in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Defendant repeats their answers to the allegations in paragraphs 1 through 7 as if fully set forth at length herein.

9. Defendant denies the allegations in paragraph 9 of the Complaint, but admits that Plaintiff is a former employee.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint, except admits that Plaintiff's supervisor did criticize her substandard work performance during her employment on multiple occasions.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint, except admits that Plaintiff did request leave under the Family and Medical Leave Act.

15. Defendant avers that the document referenced in paragraph 15 speaks for itself, and denies the remaining allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

## Count One

18. Defendant repeats their answers to the allegations in paragraphs 1 through 17 as if fully set forth at length herein.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

## Count Two

22. Defendant repeats their answers to the allegations in paragraphs 1 through 21 as if fully set forth at length herein.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

## Count Three

25. Defendant repeats their answers to the allegations in paragraphs 1 through 24 as if fully set forth at length herein.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

**Count Four**

28. Defendant repeats their answers to the allegations in paragraphs 1 through 27 as if fully set forth at length herein.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

**Count Five**

31. Defendant repeats their answers to the allegations in paragraphs 1 through 30 as if fully set forth at length herein.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

**Count Six**

34. Defendant repeats their answers to the allegations in paragraphs 1 through 33 as if fully set forth at length herein.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

**Count Seven**

37. Defendant repeats their answers to the allegations in paragraphs 1 through 36 as if fully set forth at length herein.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

**Count Eight**

40. Defendant repeats their answers to the allegations in paragraphs 1 through 39 as if fully set forth at length herein.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

**Count Nine**

43. Defendant repeats their answers to the allegations in paragraphs 1 through 42 as if fully set forth at length herein.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**Second Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, by her failure to exhaust her contractual and administrative remedies, and for want of consideration.

**Third Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, because she has suffered no harm that was proximately caused by Defendant.

**Fourth Affirmative Defense**

Plaintiff's claims for damages are barred or reduced by her failure to mitigate alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

**Fifth Affirmative Defense**

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured by the Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**Sixth Affirmative Defense**

Plaintiff's claims for emotional distress, if any, are barred by the exclusive remedy provisions of the applicable workers' compensation law.

**Seventh Affirmative Defense**

Plaintiff's Complaint is barred under the doctrines of waiver, estoppel, laches, and/or unclean hands.

**Eighth Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

**Ninth Affirmative Defense**

Plaintiff's Complaint is barred, in whole or in part, by her failure to avail herself of Defendant's internal complaint procedures and by her failure to take reasonable steps to avoid the harms of which she complains.

**Tenth Affirmative Defense**

The Complaint is barred, in whole or in part, by the lack of any conduct directed at Plaintiff on account of her gender, alleged disability, or age that was either severe or pervasive, and which altered the terms and conditions of Plaintiff's employment.

**Eleventh Affirmative Defense**

The Complaint is barred, in whole or in part, by the lack of any conduct that could be regarded as discriminatory under the objective, reasonable woman standard.

**Twelfth Affirmative Defense**

At all times material hereto, Fairfield Resorts, Inc., had an anti-harassment and anti-discrimination policy in place that prohibited the conduct alleged by Plaintiff. To the extent that any unlawful conduct occurred, Plaintiff failed to follow the procedures set forth therein that were established to address employees' complaints of discrimination.

**Thirteenth Affirmative Defense**

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

**Fourteenth Affirmative Defense**

At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**Fifteenth Affirmative Defense**

Plaintiff's Complaint should be dismissed because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons unrelated to Plaintiff's FMLA leave, gender, and/or age.

**Sixteenth Affirmative Defense**

Each and every action taken by Defendant with respect to Plaintiff's employment was based upon reasonable factors other than her leave.

**Seventeenth Affirmative Defense**

Plaintiff's claims for punitive damages are limited by the FMLA and the Rhode Island Tort Claims Act.

WHEREFORE, Defendant respectfully requests that this Court:

a. Dismiss the Complaint in its entirety;

b. Deny each and every demand, claim and prayer for relief contained in the Complaint;

c. Award to Defendant reimbursement for reasonable attorney's fees and costs incurred in defending this meritless and vexatious action; and

d. Grant such other and further relief as the Court may deem just and proper.

FAIRFIELD RESORTS, INC.

By its Attorneys,

John D. Doran (#6415)
EDWARDS ANGELL PALMER & DODGE, LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611

**Certificate of Service**

I hereby certify that on the 15th day of December 2005 a copy of the foregoing Answer was served by first class mail, postage prepaid to:

Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Brooks Magratten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903