UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | } | CIVIL ACTION NO. 05-500T |
| Plaintiff, | } | |
| v. | } | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown, | } } | |
| Defendants. | } | |

Motion For Leave To File Amended Complaint

Plaintiff by counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, moves the court to enter its order granting Plaintiff leave to file a first amended complaint in the above action.

Plaintiff Shirley Schumacher
By her Attorneys

Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island 02903
(401) 273-8200

And

Michael L. Solitro *(Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877

UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

SHIRLEY SCHUMACHER }
Plaintiff, }
v.
}
FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and }
CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown, }
Defendants. }

CIVIL ACTION NO. 05-500T

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND PLEADING**

Plaintiff request leave to file a first amended complaint in the above action, based on the following grounds:

(1) More than 20 days have elapsed since Defendant filed a pleading in response to Plaintiff's complaint, thus necessitating leave of court for Plaintiff to amend her pleadings.

(2) Based upon newly discovered facts and theories contained in Plaintiff's proposed first amended complaint including such new matter, a copy of which first amended complaint is attached as Exhibit A.

(3) Plaintiff's proposed first amended complaint includes an additional cause of action made in Count Ten (10) which asserts the claim that Plaintiff's termination was in retaliation for participation in activity protected by Title VII of The Civil Rights Act of 1964, 42 USCS §§2002e et seq. and The Family Medical Leave Act of 1993 , 29 U.S.C. §§22601 et seq. It also substitutes the claim that the Plaintiff 's termination on account of her work related injury was a violation of public policy of the State of Rhode Island (Original Complaint at 8, 38), with the claim that Defendant's termination of Plaintiff's employment was retaliatory and a violation of public policy.

(4) The newly discovered facts and theories contained in Plaintiff's first amended complaint are necessary to enable Plaintiff to establish her cause of action against Defendant's, and therefore the requested amendment will achieve the ends of justice.

(5) This motion to amend is not the result of undue delay, bad faith or dilatory motive on the part of the Plaintiff.

(6) Since discovery remains open and no trial date has yet been scheduled, Defendants will not be unduly prejudiced by Plaintiff filing a first amended complaint as above set fourth.

Plaintiff Shirley Schumacher
By her Attorneys

Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island 02903
(401) 273-8200

And

Michael L. Solitro ( *Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877

Dated : February 8, 2006