UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

**EXHBIT A**

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | } | CIVIL ACTION NO. 05-500T |
| Plaintiff, | } | |
| v. | } | DEMAND FOR JURY TRIAL |
| | } | Plaintiff herein demands a jury trial. |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown, | } | |
| Defendants. | } | |

AMMENDED COMPLAINT

Plaintiff Shirley Schumacher, by her attorneys Keven A. McKenna and Michael L. Solitro for her complaint against the Defendants respectfully shows the Court and alleges as follows:

NATURE OF ACTION

1. This is an action to redress the deprivation of rights secured to the Plaintiff by Title VII of the Civil Rights Act of 1964, 42 USCS §§ 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, as amended 29 U.S.C, §§ 621 et seq. ("ADEA"), and the Family And Medical Leave Act of 1993, ("FMLA"), 29 S.C. §§2601 et seq. and the Rhode Island Fair Employment Practices Act (R.I.G.L. §§ 28-5-1, et seq.) and the Rhode Island Civil Rights Act of 1990 (R.I.G.L. §§ 42-112-1, et seq.), and the Rhode Island Parental And Medical Leave Act. (R.I.G.L. §§ 28-48-2, et seq.)

JURISDICTION

2. This Court has jurisdiction pursuant to Rhode Island General Laws (R.I.G.L. § 8-2-13) and (R.I.G.L. § 28-5-28). The Plaintiff also invokes the jurisdiction of this Court to consider the

causes of action arising under Rhode Island Common Law sounding in tort and/or contract.

EXHAUSTION OF ADMINITRATIVE REMEDIES

3. Shirley Schumacher ("Ms. Schumacher") filed a charge of discrimination on the basis of sex and age against Fairfield Resorts, Inc. with the Equal Employment Opprortunity Commission ("EEOC") and the Rhode Island Commission For Human Rights ("RICHR"). A true and correct copy of the aforementioned Charge of Discrimination is Attached to this complaint as Exhibit "A".

4. After investigating Ms. Schumacher's Charge of Discrimination RICHR through it's Executive Director, issued to Ms. Schumacher a Notice of Right to Sue letter, a copy of which is attached to this Complaint as Exhibit "B". Ms. "Schumacher" has complied fully with all administrative prerequisites under ("TitleVII") and ("ADEA").

PARTIES

5. Ms. Schumacher ("Plaintiff") is a female born on December 12, 1939. She was employed by Fairfield located in Newport, Rhode Island for approximately five a half years.She was notified on April 21, 2004 that she was being terminated effective March 30, 2004. She is a resident of Middletown, Rhode Island.

6. Fairfield Resorts Inc. ("Defendant") is a Delaware corporation in the Time Share Business and is an employer within the meaning Of Title VII , ADEA and the FMLA. Defendant maintains its principal place of business at 847 South Park Circle, Orlando, FL 32819-USA.

7. Core Inc. (Inc.) ("Defendant") is a corporation employed by Defendant Fairfield Resorts Inc. to evaluate request for leave under the FMLA. Defendant maintains its principal place of business at One River Front Plaza, Westbrook , Maine 04092. The defendants A, B, & C, are unknown and unascertained defendants that may or shall become known upon due and diligent discovery.

## FACTUAL ALLEGATIONS

8. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "7" of this complaint with the same force and effect as if fully set fourth herein.

9. Plaintiff was employed by defendant or its predecessor for approximately five and one half years. At the time of her termination plaintiff was Sales Manager. Throughout her employment she Distinguished herself professionally and made substantial contributions to defendant and was repeatedly in the top 12% of sales.

10. In early January 2004, Plaintiff's supervisor Joe Hutnick ("Mr. Hutnick")began to criticize and undermined her credibility as a program manager. Subsequently, and summarily she was removed as program manager and demoted to a lesser paying sales position. Her management position was hen filled with a younger male employee.

11. On January 24, 2004 plaintiff had a meeting with Mr. Hutnick. During the meeting he became very critical of the plaintiff's performance and the performance of the sales program. Mr.Hutnick indicated that the same program was being conducted in Wisconsin and was doing very well. After this meeting in an effort to improve her performance, plaintiff called Wisconsin to learn if there was something they were doing there that they were not doing here in Rhode Island.

12. Wisconsin advised the plaintiff that it did not have a similar sales program and in fact that business was very slow. When the plaintiff advised Mr. Hutnick that she had called Wisconsin and repeated what she had been told he became visibly upset and ask her why she made that call. Plaintiff explained that she was seeking guidance so as to improve her performance and that of the program. Mr. Hutnick then stated to the plaintiff "you're a cunt" turned and walked off.

13. Plaintiff immediately became very upset and distraught by Mr. Hutnick's conduct. Shortly after this incident plaintiff left for Florida on a scheduled vacation. While in Florida plaintiff was unable to relax and instead continued to focus on Mr. Hutnick's comments. She became more despondent and depressed . As a result, she ended her vacation early and returned to Rhode Island. Shortly thereafter she sought the care of her physician.

14. Plaintiff's physician advised her to remain out of work. In early February 2004, she provided Mr.Hutnick with her physician's request that she be granted medical leave. Plaintiff was instructed to contact the employee relations group responsible for such request. The plaintiff did as instructed and requested leave under the Family Medical Leave Act ("FMLA").

15. In a letter from defendant dated April 21, 2004, plaintiff was advised that "CORE" a company employed by defendant to evaluate request for leave under the FMLA had denied her request. Consequently, her employment was being terminated effective March 30, 2004. All plaintiff's employee medical coverage and benefits were subsequently terminated.

16. The aforementioned reason or reasons for terminating plaintiff are pretextual. The termination of plaintiff violated one , some or all of the following laws: Title VII, ADEA, FMLA, public policy violation and violation of Rhode Island employment and family medical leave laws.

DAMAGES

17. As a direct and proximate consequence of Defendant's unlawful and discriminatory employment policies and practices, plaintiff has suffered a loss of income, including, but not limited to, past and future wages, benefits, expenses, pain suffering, compensatory damages and punitive damages, all to be specified at trial.

## STATEMENT OF CLAIMS

### COUNT ONE

18. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

19 By the above acts defendant's have violated Title VII by discriminating against plaintiff because of her sex in the terms, conditions and privileges of her employment.

20. Defendant's acts were with malice and reckless disregard for plaintiff's federally protected civil rights.

21. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

### COUNT TWO

22. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

23. The decisions to demote and subsequently terminate the plaintiff from her employment were based on age in violation of ADEA. Defendant's knew or recklessly disregarded that its conduct violated the ADEA. Defendant' violation of the ADEA is willful within the meaning of that statute.

24. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

### COUNT THREE

25, Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

26. The defendant's denial of medical leave to the plaintiff and the summary termination of her employment violates the laws of the FMLA. Defendant's conduct denied the plaintiff a federally protected right within the meaning of that statute.

27. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

COUNT FOUR

28. Plaintiff repeats a realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

29. By the above acts the defendants violated the Rhode Island Fair Employment Practices Act. By discriminating against the plaintiff because of her sex and age in the terms, conditions and privileges of her employment.

30. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

COUNT FIVE

31. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

32. By the above acts the defendants violated the Rhode Island Civil Rights Act.of 1990. By discriminating against the plaintiff because of her sex and age in the terms, conditions and privileges of her employment.

33. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

COUNT SIX

34. Plaintiff repeats and realleges each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

35. Defendant's termination or constructive termination of the plaintiff from her employment violates the laws of the Rhode Island Parental and Medical Leave Act. In the terms, conditions and privileges of her employment.

36. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

COUNT SEVEN

37. Plaintiff repeats and realleges the allegations numbered in paragraphs numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

38. Defendant's termination of plaintiff's employment was retaliatory and a violation of public policy of the State of Rhode Island.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

COUNT EIGHT

40. Plaintiff repeats and realleges the allegations numbered in paragraphs"1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

41. Defendant's wrongful acts constitute negligence and reckless conduct toward the plaintiff, that such acts constitute a breach of the express and implied terms and conditions of the understanding and agreement between the defendant's and the plaintiff as employer and

employee.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's purposeful discriminatory practices unless and until this Court grants relief.

COUNT NINE

43. Plaintiff repeats and realleges the allegations numbered in paragraphs "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

44. Defendants should be estopped to deny their promises and commitments to the plaintiff to follow the policies and procedures set fourth in their personnel manual governing the application of equal treatment to its employees, which the plaintiff relied upon to her detriment.

45. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants purposeful discriminatory practices unless and until this Court grants relief.

COUNT TEN

46. Plaintiff repeats and realleges the allegations numbered "1" through "16" of this complaint with the same force and effect as if fully set fourth herein.

47. Defendant retaliated against the plaintiff by terminating her employment and denying her employment opportunities on the basis of her participation in activity protected by Title VII and the FMLA.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's retaliatory practices unless and until this court grants relief.

## CERTIFICATE OF SERVICE

To:

Timothy M. Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

John D. Doran
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

I hereby certify that on the 10th day of February, I served on the above-named counsel of record a copy of the forgoing documents by first class mail, postage pre-paid.

Michael S. Salitro

Wherefore plaintiff demands judgment as follows:

(1) Counts 1 to 10 as follows:

Counts 1 to 10 inclusive, that plaintiff take against defendants, each as their interests may or shall appear via judgment in a monetary sum, good and sufficient to render her whole, with cost and counsel fees as provided by law.

(2) That judgment be taken jointly and severally to each defendant as their interests may or shall appear.

(3) That plaintiff may change, alter and amend her complaint consistent with the exigencies of the cause upon due and diligent discovery and as shall be fair, mete and just.

Plaintiff Shirley Schumacher
By her Attorneys

Keven A McKenna

Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island 02903
(401) 273-8200

And

Michael L. Solitro *(Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877