UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown,<br><br>Defendants. | : | C.A. No. 05-500-T |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

IT IS HEREBY ORDERED as follows:

1. This Order shall apply to any and all information disclosed incident to discovery in this action, including but not limited to any record of testimony given at any deposition, as well as all documents, things, and other discovery materials produced, certifications, whether informally or in response to any subpoenas or requests for production of documents, now pending or hereafter propounded, as and to the extent designated as "Subject to Protective Order" and as either "Confidential" or "For Counsel Only" or "Filed Under Seal" (hereinafter, collectively, "Designated Materials"). The protections afforded herein for such Designated Materials shall apply to all information derived therefrom, including but not limited to, any summary, extract or similar description of that information.

2. Any party (hereinafter the "Designating Party") shall have the right to designate as "Confidential" or "For Counsel Only" or "Filed Under Seal" any document, information or thing said party believes to constitute or contain confidential information. Each

party will have the right to designate documents produced by non-parties as “Confidential” or “For Counsel Only” to the extent such documents set forth confidential information. Those documents produced by non-parties pursuant to a subpoena may not be provided or their contents revealed to the parties until counsel for the parties have had the opportunity to designate the documents as “Confidential” or “For Counsel Only” or "Filed Under Seal," such designations to be made within five business days of receipt.

3. This protective order shall not abrogate or diminish any contractual, statutory or other legal obligation of any party with respect to the Designated Materials. Nothing within this protective order shall restrict any party from disclosing any information constituting or derived from Designated Materials to the extent such party obtained the information through proper and legitimate means other than discovery in this action.

4. Nothing in this Order shall prevent a party from using any document or thing which has been designated as “Confidential” or “For Counsel Only” or "Filed Under Seal" at trial, during a hearing, or other proceeding in this litigation. However, if such use is made of such document or thing, the portion of the proceeding where said use is made shall be, subject to the approval of the Court, closed to all persons other than those permitted by Paragraph 8, and the transcript of that portion of the proceeding wherein said use is made shall be maintained by the Court under seal with access thereto limited to persons entitled to access by this Order. Neither party shall object to such closing unless such party also objects to the “Confidential” or “For Counsel Only” or "Filed Under Seal" designation of the document or thing in question. This provision shall not preclude the designating party from arguing that an objection at the time of trial to a designation has been waived and is untimely.

5. The Designated Materials shall be designated as "Confidential" or "For Counsel Only" or "Filed Under Seal" by conspicuously typing on, stamping or labeling the material, object, or thing with the word "Confidential" or "For Counsel Only" or "Filed Under Seal." All documents and things to be so designated shall be labeled prior to the transmission of a physical copy thereof to the other party and/or its counsel (hereinafter the "Receiving Party") as provided herein.

6. Deposition transcripts and attachments or exhibits thereto may be designated "Confidential" or "For Counsel Only" or "Filed Under Seal" either (1) during or before taking of deposition testimony, in which case the confidential portion of which shall be marked "Confidential" or "For Counsel Only" or "Filed Under Seal" by the reporter on each page designated as such as the Designating Party may direct, or (2) by written notice to the reporter and all counsel of record, given within fourteen (14) days after the transcription is received by the party or its counsel, in which case the transcript portion(s) or attachments designated as "Confidential" or "For Counsel Only" or "Filed Under Seal" shall not be revealed except as provided hereby.

7. No party shall seek to file Designated Materials, or any documents containing Designated Materials, in the public record. All Designated Materials so designated in accordance with the terms of this Order that are filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such Designated Materials, shall be filed under seal until further Order of the Court. Where possible, only "Confidential" or "For Counsel Only" portions of filings with the Court shall be filed under seal.

8. The dissemination and disclosure of Designated Materials shall be limited as follows:

A. Information designated 'Confidential' shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(1) The court reporters and similar personnel;

(2) The law firms of Edwards Angell Palmer & Dodge, LLP, Kevin A. McKenna, P.C., Michael L. Solitro, Esq., and Vetter and White, and their respective members, counsel, associates, clerks and employees involved in the conduct of this litigation;

(3) The parties named in this litigation, including their respective officers, directors and employees;

(4) Outside experts and consultants retained for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(5) Any person who was involved in the preparation of the Designated Material or who lawfully received or reviewed the Designated Material or to whom such confidential information had been previously made available in a manner not subject to the terms and conditions of this protective order;

(6) Deponents with respect to whom the attorney for the examining party believes in good faith that

disclosure of confidential information should be made in order to conduct relevant examination of such deponent;

(7) Any other person with the prior written consent of the Designating party or pursuant to Court order.

B. Information designated as "For Counsel Only" shall not be disclosed by any person who has received such information through discovery in this action to any other person except (upon the terms specified herein) to those persons identified in paragraphs 8(A)(1), 8(A)(2), 8(A)(4), 8(A)(5), and 8(A)(7). This information may also be shown to in-house counsel and other members of the legal departments of the parties provided they are not officers or directors of the parties, do not have day-to-day operational, business or marketing responsibilities and agree in writing to be bound by the terms of this Protective Order by signing the confidentiality agreement attached hereto as Exhibit A.

C. Before any person described in paragraph 8(A)(4) or 8(A)(6) receives or is shown any Designated Materials, such person shall be given a copy of this protective order and shall agree in writing to be bound by the terms thereof by signing the Confidentiality Agreement attached hereto as Exhibit A. The original of each such confidentiality agreement shall be maintained by counsel and shall be produced for inspection by opposing counsel upon request. However, no party shall be required to

provide the opposing counsel with a copy of Exhibit A signed by a person described in paragraph 8(A)(4) unless or until such person is designated as an expert by that party. Any counsel may require the other counsel to provide a copy of the confidentiality agreement signed by a witness at a deposition before the witness is deposed with regard to any confidential information.

D. Nothing in this protective order shall prevent a deponent from being shown the original or a copy of a document marked "Confidential" or "For Counsel Only" or "Filed Under Seal" for the purpose and to the extent necessary to determine whether, with respect to such document, he or she is a person described in paragraph 8(A)(5) above. If such deponent is not such a person, he or she shall not further review or be examined about the contents of such confidential document unless he or she is a person qualified to examine such Designated Material pursuant to paragraph 8(A) or 8(B) above.

9. No person shall use any Designated Materials for purposes other than this litigation, nor shall they disclose any Designated Materials or the information contained therein to any individual or entity other than those identified in Paragraph 8(A) (in the case of "Confidential" materials) or in Paragraph 8(B) (in the case of "For Counsel Only" materials), or as otherwise provided by this agreement or by the order of court.

10. Whenever any person subject to this protective order is requested by a subpoena, request for production of documents, civil investigative demand, or other legal

process, to disclose to persons or entities not parties to this action, any documents, objects, things, or testimony designated "Confidential" or "For Counsel Only" in this action, such person, unless otherwise prohibited from doing so by law, shall as soon as reasonably practical and prior to production, but in no event later than five (5) business days after receipt of the request, notify the Designating Party (or its counsel of record) by certified mail, return receipt requested, of the existence and terms of such request. If a response to such request is due in less than ten (10) days, the notice shall be given orally and confirmed in writing sent by facsimile within forty-eight (48) hours after receipt of such request. Subject to a court order prohibiting disclosure or production, the party receiving such request shall be entitled to make disclosure or production.

11. No party to this action shall be obligated at or within any particular time to challenge the propriety of any designation, and a failure to do so (or delay in doing so) shall not preclude a subsequent attack on the propriety of such designation. Conversely, failure to so designate any information as "Confidential" or "For Counsel Only" or "Filed Under Seal" shall not constitute a waiver of any party's claim, either within or outside this lawsuit, that any such information does contain trade secrets, proprietary information or is otherwise confidential and not subject to disclosure. Said designation after the initial production of material (other than in the case of depositions), shall have no retrospective effect and the parties who received material not designated as "Confidential" or "For Counsel Only" or "Filed Under Seal" shall have no liability for or with respect to any dissemination of the Designated Materials prior to the designation as "Confidential" or "For Counsel Only."

12. The parties agree that the inadvertent production of any documents or information during discovery in this Action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product and no party shall be held to

have waived any rights by such inadvertent production. Any documents or information so produced and subject to a claim of privilege or a claim of work product subsequently made or to which the receiving party reasonably believes is subject to a claim of privilege or a claim of work product shall immediately be returned to the producing party and/or expunged, and in either event such materials shall not be introduced into evidence in this proceeding or any other proceeding by any person without the consent of the producing party or by Order of the Court.

13. Nothing in the foregoing provisions of this protective order shall be deemed to preclude or prejudice any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate, nor shall any party be precluded or prejudiced from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

14. If a party objects to the designation of Designated Materials, such party shall notify the producing party of this objection in writing addressed to counsel for the producing party. The producing party, within five (5) business days of receipt of the objection referred to above, shall advise, in writing, whether it will consent to remove the objected-to-designation. If the producing party does not consent to remove the designation within the five business day period, the objecting party may, at any time prior to hearing or trial, move the Court for an Order determining that the Designated Materials are wrongly designated. All Designated Materials designated "Confidential" or "For Counsel Only" or "Filed Under Seal" shall be treated in accordance with the designation unless and until the Court orders otherwise, or the producing party consents. The party that designates the material as "Confidential" or "For Counsel Only" shall bear the burden of proving that the designation is appropriate.

15. Upon final termination of this action, each party shall assemble all Designated Materials, including all copies thereof, and return them to the Designated Party or its counsel of record, except that (a) each party may retain a complete set of the discovery and trial record (including all exhibits) and (b) the parties' respective attorneys of record may retain one copy of all Designated Materials for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided herein. Within 60 days of the conclusion of this litigation, counsel for the party required to effectuate the return of Designated Materials shall provide the Designating Party with a certification that such compliance has been made. In the case of a return of Designated Materials, counsel for the Designating Party shall within 10 days of such receipt provide counsel of record for the party so complying with a certification of receipt. In lieu of return of such materials, the party in possession may destroy such materials and supply a written certification to the Designating Party of such destruction.

16. No part of the restrictions imposed by the Order hereon may be terminated, except by the written stipulation executed by counsel of record for the Designating Party (as to their own Designated Materials only), or by an order of this Court. The termination of this action shall not automatically terminate this Order. This Court shall retain jurisdiction after such termination to enforce the provisions of this order.

17. Nothing in this protective order shall limit any Designating Party from using such party's own document or information in a manner inconsistent with this protective order, even if such document or information has been designated as "Confidential" or "For Counsel Only." To the extent such Designating Party makes non-confidential by disclosure in this action any information previously designated as "Confidential" or "For Counsel Only," such information shall no longer be subject to this protective order.

18. Any persons subject to the terms of this order agree that this Court shall retain jurisdiction over it and them for purposes of enforcing this order.

19. This protective order shall apply to all parties to this litigation, and any person or entity not a party to this litigation upon their execution of a written stipulation agreeing to be bound by this protective order.

20. Filing with the Court of any document or information that is subject to this Protective Order shall be considered a disclosure unless the document or information is filed under seal. No document or information may be filed under seal without prior authorization from the Court. The parties shall make every effort to avoid seeking to file documents or information under seal. Any order authorizing the filing of documents or information under seal or prohibiting the disclosure of information, shall be subject to review at the request of any party, any member of the public, or the Court *sua sponte*.

AGREED:

SHIRLEY SCHUMACHER, Plaintiff

By: Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

[signature]
Keven A. McKenna, Esq.

Dated: 4/27/06

FAIRFIELD RESORTS, INC., Defendant

By: John D. Doran, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

[signature]
John D. Doran, Esq.

Dated: 5/3/06

*Pro Hac Vice* for Plaintiff

By: Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

Michael L. Solitro

Dated: 4-29-06

CORE, Inc., Defendant

By: Timothy Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Timothy Bliss

Dated: ____________

SO ORDERED:

____________



NWK_800452_2/MARON

*Pro Hac Vice* for Plaintiff

By: Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

Michael L. Solitro

Dated: ______________________

CORE, Inc., Defendant

By: Timothy Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Timothy M. Bliss
Timothy Bliss

Dated: 4/28/06

SO ORDERED:

Ernest C Torres

EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown,<br><br>Defendants. | : | C.A. No. 05-500-T |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**

I hereby certify that I have received a copy of and have carefully read the Protective Order Regarding Confidentiality of Documents and Information in the above-captioned case and that I fully understand the terms of said Order. I agree to be bound by and to comply with the terms of that Order, I specifically agree that any information I receive which is subject to that Order shall not be used for any purpose other than in connection with the prosecution or defense of this litigation and shall not be revealed by me to any person except in compliance with the Order. I hereby consent to the personal jurisdiction of the United States District Court for the District of Rhode Island, in respect to any proceedings relating to the enforcement of that Order, including any proceeding relating to contempt of court.

Executed this ________ day of __________, 2006 at ____________________________.

____________________________
Signature

Name: ______________________________

Affiliation: ______________________________

Business Address: ______________________________

______________________________

Home Address: ______________________________

______________________________