IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SHUMACHER<br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS, INC., a foreign Corp. doing business in R.I., Core, Inc. a foreign corp. doing business in R.I., and A, B, C. unknown and unascertained defendants whose identities may or shall become known, each as their interest may or shall appear,<br>Defendants. | ) | C.A. No. 05-500T |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANT CORE, INC.**

Defendant CORE, Inc. moves pursuant to F.R.C.P. 56(b) and on the Affidavit of Andrew J. Bernstein for summary judgment dismissing with prejudice all counts against it in plaintiff's amended complaint.

Defendants file herewith the Affidavit of Andrew J. Bernstein, a Statement of Undisputed Facts and a supporting memorandum of law.

Timothy M. Bliss

Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant CORE, Inc.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: July 17, 2006

**CERTIFICATE OF SERVICE**

To:

Kevin A. McKenna, Esq.
Kevin A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

John D. Doran, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5066

I hereby certify that I served on the above-named counsel of record a copy of the within Motion by mailing first class mail, postage prepaid, on the 17th day of July, 2006.

Lisa A. Lauriere

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SHUMACHER, Plaintiff | ) | |
| v. | ) | C.A. No. 05-500T |
| FAIRFIELD, INC., a foreign Corp. doing business in R.I., Core, Inc. a foreign corp. doing business in R.I., and A, B, C, unknown and unascertained defendants whose identities may or shall become known, each as their interest may or shall appear, Defendants | ) | |

**MEMORANDUM OF CORE, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant CORE, Inc. ("CORE") moves pursuant to F.R.C.P. 56(b) for summary judgment dismissing with prejudice all counts in plaintiff's amended complaint against it.

## I. FACTS

Fairfield Resorts, Inc. ("Fairfield") is a corporation engaged in the sale of timeshare vacations. Statement of Undisputed Facts, ¶ 1. Plaintiff Shirley Shumacher was employed by Fairfield and its predecessor for approximately five-and-a-half years. Id. at ¶ 2. Fairfield retained CORE at relevant times to evaluate requests by employees for leave pursuant to the Family and Medical Leave Act and the Rhode Island Parental and Family Medical Leave Act ("Leave"). Id. at ¶ 3. Shumacher was not employed by CORE and never performed any services on behalf of CORE. Id. at ¶ 4. Apart from determining requests for Leave benefits, CORE had no control over the terms and conditions of the employment of Shumacher or of any other Fairfield employee. Id. at ¶ 3. CORE had no authority to discipline or terminate Shumacher or any other Fairfield employee. Id.

On or about February 19, 2004, CORE was notified that Shumacher requested a leave of absence from Fairfield. Id. at ¶ 5. CORE then reviewed Fairfield's employment records to determine whether Shumacher was eligible for Leave. Id. at ¶ 6. CORE determined that she had worked 1,224 hours in the twelve-months preceding the first day of her leave, which was less than the minimum hours required by the FMLA. Id.

CORE notified Fairfield of its determination and requested that it confirm Shumacher's hours. Id. at ¶ 7. CORE advised Fairfield that if it did not receive the requested information within two business days, Shumacher would be deemed eligible for Leave. Id.

CORE received no response from Fairfield to its request to verify Shumacher's hours. Id. at ¶ 8. Therefore, on February 25, 2004, CORE deemed Shumacher eligible for Leave. Id.

That same day, CORE wrote Shumacher informing her that she was eligible for Leave. Id. at ¶ 9. That letter also stated,

> You are under no further obligation to provide clinical documentation for FMLA as long as your absence is being reviewed for or is approved for short term disability benefits. If your short-term disability is not approved for the full length of your absence, the attached certification form must be completed by your physician and returned to CORE within 7 business days of the STD decision.

Id. A Family and Medical Leave Act ("FMLA") Certification form to be completed by Shumacher and her health care provider and returned to CORE was enclosed with CORE's February 25th letter. Id.

On February 26, 2004, Shumacher called a CORE representative. Id. at ¶ 10. She advised that she had been approved to receive disability benefits from the State of Rhode Island and that she did not want CORE to process her claim for short-term disability ("STD") benefits.

Id. Shumacher received Temporary Disability Insurance ("TDI") benefits from the State of Rhode Island during the period of her absence from Fairfield. Id. at ¶ 11. She received TDI benefits for a total of 26 weeks. Id.

On March 8, 2004, CORE closed Shumacher's STD claim. Id. at ¶ 12. Pursuant to CORE's policy, as explained to Shumacher in the February 25th correspondence, Shumacher was therefore required to submit the completed FMLA Certification form to CORE within seven business days. Id.

Shumacher failed to complete or return the FMLA Certification form to CORE as required. Id. at ¶ 13. Consequently, CORE denied Shumacher's request for Leave benefits, effective March 30, 2004. Id.

On April 20, 2004, CORE advised both Shumacher and Fairfield that Shumacher's request for Leave had been denied. Id. at ¶ 14. The April 20th letter to Shumacher also stated, "You may request administrative review of this decision by submitting the request *in writing* to CORE, along with any substantiating information. Our office must receive the request via fax or mail on or before 4/26/2004." Id. (emphasis in original).

Shumacher had no further communication with CORE until May 14, 2004, when CORE received, via facsimile, an appeal by Shumacher from the denial of her request for Leave. Id. at ¶ 15. Included with the appeal were a copy of an FMLA Certification form, signed by James D. Gloor, M.D., and a document entitled Physician's Statement of Fitness-for-Duty Release ("Release"). Id. The Release, signed by Dr. Gloor, stated that Shumacher was not "physically and mentally fit to return to work." Id.

On May 25, 2004, CORE wrote Shumacher advising her that the denial of her leave was being upheld because her "appeal request was received after the allowable time frame." Id. at ¶ 16.

On or about September 21, 2004, Shumacher filed a Charge of Discrimination ("Charge") against Fairfield with the Rhode Island Commission for Human Rights and the Equal Opportunity Commission. Id. at ¶ 17. The Charge alleged that Fairfield had discriminated against Shumacher on the basis of sex and age. Id. The Charge did not name or contain any allegations against CORE. Id. Subsequent to the May 25th letter, CORE had no further contact with Shumacher until it was served with the complaint in this case. Id.

## II. ISSUES

1) Is CORE an "Employer" of Shumacher subject to the statutes upon which her amended complaint is based?

2) Did CORE properly deny Shumacher's leave request based on her failure to submit a completed medical certification form?

3) Did CORE retaliate against Shumacher in violation of her FMLA rights?

## III. ARGUMENT

Shumacher has pled counts under numerous statutes governing the employment relationships: Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the FMLA, the Rhode Island Fair Employment Practices Act ("FEPA"), the Rhode Island Civil Rights Act of 1990 ("RICRA") and the Rhode Island Parental and Family Medical Leave Act ("PFMLA"). Shumacher also pled counts for violation of public policy, "breach of the express and implied understanding and agreement between the defendant's [sic] and the plaintiff" and estoppel, all of which are based on the employment relationship.

Shumacher also moved to file an amended complaint that added a count for retaliation in violation of Title VII and the FMLA, which she filed July 12, 2006.[1] Shumacher has pled each of her counts against both Fairfield and CORE.

Shumacher admits, however, that she was never employed by CORE. Shumacher was employed exclusively by Fairfield. Fairfield hired CORE as the third-party administrator for employee Leave requests and STD benefits. The statutes on which Shumacher relies prohibit unlawful conduct by an "employer," as that term is defined in each statute. CORE, as third-party administrator to Fairfield, is not within the scope of any of those definitions. As such, all counts against CORE should be dismissed.

**A. <u>All Counts Against CORE Should Be Dismissed Because It Was Not Shumacher's Employer.</u>**

**1. Count One: Title VII**

In Count One, Shumacher alleges that "defendant's [sic] have violated Title VII by discriminating against plaintiff" and that she has suffered damages "as a result of defendant's purposeful discriminatory practices . . . ." Amended Complaint at ¶ ¶ 19, 21. It appears that Shumacher has alleged conduct against only one defendant, notwithstanding that she has named both Fairfield and CORE as defendants and has failed to differentiate between them in her statement of claims. Because CORE did not employ Ms. Shumacher, it appears that Fairfield is the one "defendant" identified by her in Count One.

Moreover, Shumacher did not name CORE in her administrative charge jointly filed with the Rhode Island Commission for Human Rights ("RICHR") and the Equal Employment Opportunity Commission ("EEOC"). <u>See</u> Amended Complaint at Ex. A. A

[1] On February 13, 2006, plaintiff filed a motion to amend her complaint and attached a copy of her proposed amended complaint as Exhibit A. On March 1, 2006, the Court granted plaintiff's motion to amend. Plaintiff failed to file her amended complaint until July 12, 2006, however.

plaintiff is required to exhaust available administrative remedies by filing a timely charge with the EEOC before pursuing a Title VII claim in court. Noviello v. City of Boston, 398 F.3d 76, 85 (1st Cir. 2005). A party that is not named in a plaintiff's administrative charge may not subsequently be sued in federal court for an alleged violation of Title VII. Russell v. Enterprise Rent-a-Car Co. of Rhode Island, 160 F. Supp. 2d 239, 253 (D.R.I. 2001).

Finally, Title VII prohibits only unlawful employment practices engaged in by an "employer." 42 U.S.C. § 2000e-2(a). Because CORE was not Shumacher's "employer," it cannot be held liable for a violation of Title VII. See Crawford v. West New Jersey Health Sys., 847 F. Supp. 1232, 1236 (D.N.J. 1994) (dismissing plaintiff's claims under Title VII and the ADEA against two entities named in addition to plaintiff's employer because "plaintiff neither alleges that these related entities were her employers, nor that they acted as agents by ma[king] the final decisions regarding employment matters" (quoting Odriozola v. Superior Cosmetic Distribs., Inc., 531 F. Supp. 1070, 1075-76 (D.P.R. 1982))). Therefore, Count One of Shumacher's amended complaint should be dismissed as to CORE.

**2. Count Two: ADEA**

Shumacher alleges in Count Two that "defendant's" [sic] improperly based its decision "to demote and subsequently terminate the plaintiff from her employment . . . on age in violation of ADEA." Amended Complaint at ¶ 23. As in Count One, Shumacher only refers to a single defendant, which would appear to be her employer, Fairfield.

As a prerequisite to filing her ADEA claim in court, Shumacher was required to exhaust her administrative remedies by filing a charge with the EEOC. See 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity

Commission"); Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court"). Shumacher filed no such claim against CORE with the EEOC.

Finally, the ADEA only prohibits unlawful conduct by an "employer." See 29 U.S.C. § 623(a)(stating that it shall be unlawful for an employer to discriminate against any individual based on age with respect to the terms or conditions of his or her employment); 29 U.S.C. § 630(b) (defining an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"). Because CORE was not Shumacher's employer, as a matter of law she is precluded from maintaining a cause of action under the ADEA against it. Crawford, 847 F. Supp. at 1236. Therefore, Count Two should be dismissed with respect to CORE.

**3. Count Three: FMLA**

In Count Three, Shumacher alleges that "defendants"— plural, in contrast to her other use of "defendant or defendant's" in other counts — violated her rights under the FMLA by denying her request for medical leave and summarily terminating her. Amended Complaint at ¶ 26. The FMLA prohibits an "employer" from interfering with its employees' rights thereunder. 29 U.S.C. § 2615. As argued above, however, CORE did not employ Shumacher. Therefore, Count Three should be dismissed with respect to CORE.

**4. Count Four: FEPA**

Shumacher alleges in Count Four that "defendant's" [sic] violated the FEPA and that she has suffered damages as a result of "defendant's purposeful discriminatory practices."

Amended Complaint at ¶ ¶ 29, 30. Again, it appears that this Count refers to a single defendant, to the exclusion of CORE.

Moreover, Shumacher failed to name CORE as a party to her administrative charge filed with the RICHR. See Amended Complaint at Ex. A. The FEPA, however, requires a plaintiff to exhaust her administrative remedies by filing a charge with the RICHR before filing a complaint in court. Power v. City of Providence, 582 A.2d 895, 899 (R.I. 1990). Where a plaintiff fails to comply with the exhaustion requirement, the defendant is entitled to summary judgment in its favor. Paulo v. Cooley, Inc., 686 F. Supp. 377, 382 (D.R.I. 1990)("Because plaintiff has failed to comply with the statutory prerequisites to commencing a judicial action under the Rhode Island Fair Employment Practices Act, this Court holds that defendant is entitled to summary judgment as to any claims arising under that Act").

Finally, the FEPA, like its federal counterparts, applies only to conduct by an "employer." R.I. Gen. Laws § 28-5-6(7)(i) (defining an "employer" as "the state and all political subdivisions of the state and any person in this state employing four (4) or more individuals, and any person acting in the interest of an employer directly or indirectly"). CORE did not employ Shumacher and does not meet the statutory definition in the FEPA. See id. Therefore, summary judgment should be entered in favor of CORE with respect to Count Four.

**5. Count Five: RICRA**

Count Five of Shumacher's amended complaint alleges that "defendant's [sic] violated the RICRA [Rhode Island Civil Rights Act] and that she has suffered damages as a result of "defendant's purposeful discriminatory practices." Amended Complaint at ¶ 32. RICRA, which is the only statute pled by Shumacher that prohibits conduct by individuals other than an "employer," essentially protects individuals from discrimination in the making of

contracts. See R.I. Gen. Laws § 42-112-1. See also Vingi v. Rhode Island, 991 F. Supp. 44, 53 (D.R.I. 1997)(holding that RICRA "prohibits discrimination in the making of contracts on the basis of gender"). Shumacher has not alleged that CORE has impaired any of the rights enumerated in RICRA. Therefore, CORE is also entitled to summary judgment on Count Five, Shumacher's claim under that statute. See Socha v. Nat'l Ass'n of Letter Carriers, 883 F. Supp. 790, 807 (D.R.I. 1995) (holding that where plaintiff "fails to allege an impairment of any of the rights listed in [RICRA]," a claim under that statute must be dismissed).

**6. Count Six: PFMLA**

Shumacher alleges in Count Six that "Defendant's termination or constructive termination of the plaintiff violates the laws of the Rhode Island Parental and Medical Leave Act." Amended Complaint at ¶ 35. Although Shumacher does not state to which of the two defendants she refers in this count, it is undisputed that Fairfield, not CORE, terminated her employment. Therefore, summary judgment should be granted to CORE with respect to Count Six.

**7. Count Seven: Public Policy**

In Count Seven, Shumacher alleges that "Defendant's termination or constructive termination of plaintiff's employment on account of her work related injury was a violation of the public policy of Rhode Island." Again, Shumacher refers to only a single defendant, which she fails to identify. Because Shumacher's employment was terminated solely by Fairfield, however, it is apparent that the allegations in this count do not apply to CORE.

Moreover, it is well established that Rhode Island adheres to the doctrine of employment at-will, under which an employee that is hired for an indefinite term "is terminable at the will of either party at any time for any reason or for no reason at all." Roy v. Woonsocket

Instit. for Sav., 525 A.2d 915, 917 (R.I. 1987). Courts will not create rights for employees in derogation of this rule based on generalized notions of public policy that have not been expressly codified. See Pacheco v. Raytheon Co., 623 A.2d 464, 465 (R.I. 1993)("It is not the role of the courts to create rights for persons whom the Legislature has not chosen to protect"). Therefore, summary judgment should be granted to CORE with respect to Count Seven.

**8. Count Eight: Breach of Contract**

Shumacher alleges in Count Eight that "Defendant's wrongful acts constitute . . . a breach of the express and implied terms and conditions of the understanding and agreement between the defendant's and the plaintiff as employer and employee." Amended Complaint at ¶ 41. As in several previous counts, Count Eight thus refers to only a single employer. CORE had no "express or implied . . . understanding or agreement" with Shumacher regarding her employment, the terms of which were controlled exclusively by Fairfield.

In addition, consistent with the at-will employment doctrine, Rhode Island does not recognize implied contracts of employment. See Neri v. Ross Simons, Inc., 897 A.2d 42, 47-48 (R.I. 2006)(holding that any policy that is subject to unilateral revision by the employer cannot give rise to a breach of contract claim). Therefore, summary judgment should be granted to CORE with respect to Count Eight.

**9. Count Nine: Personnel Manual**

Count Nine of Shumacher's amended complaint alleges that "Defendants should be estopped to deny their promises and commitments to the plaintiff to follow the policies and procedures set forth in their personnel manual . . . ." Amended Complaint at ¶ 44. CORE made no "promises or commitments" to Shumacher regarding the terms and conditions of her employment with Fairfield and was not a party to the personnel manual, which was provided to

her by Fairfield in connection with her employment. In any event, an employee handbook that is subject to unilateral revision by an employer cannot serve as the basis for a breach of contract claim under Rhode Island law. Neri, 897 A.2d at 42. Therefore, summary judgment should be granted to CORE with respect to Count Nine.

**10. Count Ten: Retaliatory Termination**[2]

Plaintiff's amended complaint, which was filed July 12, 2006, contains an additional count, Count Ten, in which she alleges, "Defendant retaliated against the plaintiff by terminating her employment and denying her employment opportunities" on the basis of her protected conduct. See Amended Complaint at Ex. A, ¶ 47. Although Shumacher does not state to which of the two defendants she refers in this count, it is undisputed that Fairfield, not CORE, terminated her employment. Therefore, to the extent that Shumacher is permitted to proceed under her amended complaint, summary judgment should be granted to CORE with respect to Count Ten.

**B. CORE Properly Denied Shumacher's Leave Request Based on Her Failure to Submit a Completed FMLA Medical Certification Form**

CORE anticipates that Shumacher may argue that, even though it was not her employer, CORE is liable to her under Count Three, for violation of the FMLA. Shumacher may argue that CORE is within the scope of the FMLA[3] definition of "employer" because it acted "in the interest of" her actual employer, Fairfield. See 29 U.S.C. § 2611(4)(A)(ii)(I) (defining the

---

[2] The complaint originally filed by Shumacher contained only nine counts. Although plaintiff was granted leave to amend her complaint, however, which she filed on July 12, 2006.

[3] Shumacher also pled a claim under the PFMLA in Count Six of her complaint. In Count Six, she alleges that the "Defendant's termination or constructive termination of the plaintiff violates the laws of the Rhode Island Parental and Medical Leave Act." As discussed above, it is undisputed that Fairfield, not CORE, terminated Shumacher's employment. Therefore, Shumacher has not alleged any violation of the PFMLA against CORE.

term "employer" in the FMLA to include "any person who acts, directly or indirectly, in the interest of an employer"). Even if CORE is deemed to be an "employer" for purposes of the FMLA, however, the court should grant summary judgment to it with respect to Count Three.

CORE advised Shumacher in a letter dated February 25, 2004 that her Leave request was being processed in conjunction with her claim for STD benefits and, as a result, she had "no obligation" to provide any documentation with respect to her Leave request, so long as her STD claim remained pending. If her STD claim was not approved, the letter stated, she was required to submit the medical certification form completed by her healthcare provider to CORE within seven days. A copy of the form was provided to Shumacher with the February 25th correspondence. Shortly thereafter, Shumacher contacted CORE and requested that it terminate her claim for STD benefits. On March 8, 2004, CORE closed its file on Shumacher's STD claim.

Notwithstanding the termination of her STD claim at her request, however, Shumacher failed to return the completed FMLA Certification form as directed. The FMLA provides:

> An employer may require that a request for leave under . . . this title be supported by a certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer.

29 U.S.C. § 2613(a).

An employee who fails to provide her employer with a completed medical certification form is not entitled to claim the rights contained in the FMLA. Rager v. Dade Behring, Inc, 210 F.3d 776, 778-79 (7th Cir. 2000)(affirming summary judgment in favor of employer that terminated employee who failed to return FMLA medical certification form

completed by her health care provider); Urban v. Dolgencorp of Texas, Inc., 393 F.3d 572, 576-77 (5th Cir. 2004) (vacating summary judgment entered in favor of employee with respect to her FMLA claim and granting summary judgment to employer based on employee's failure to submit a medical certification form). Because Shumacher failed to provide a completed medical certification form to CORE, she is not entitled to the protection of the FMLA or the PFMLA, and CORE properly denied her request for Leave.

**1. Shumacher Has Not Established the Prima Facie Elements of Her Claim Against CORE for Interference with Her FMLA Rights**

Shumacher's claim against CORE under the FMLA must be analyzed using the three-step McDonnell Douglas framework. Hodgens v. General Dynamics Corp., 144 F.3d 151, 160-61 (1st Cir. 1998). Under that framework, the employee bears the initial burden of establishing a prima facie claim of unlawful interference with her rights under the FMLA. Id. at 160. If the employee meets her initial burden, the burden shifts to the employer to establish a "legitimate, non-discriminatory reason" for the adverse action. Id. If the employer proffers a legally-sufficient basis for the action, the burden shifts back to the employee, who bears the "ultimate burden of showing that the employer's stated reason for [the adverse action] was in fact a pretext . . . ." Id. at 161.

To establish a prima facie claim of interference with FMLA rights, a plaintiff must establish: "(1) that [s]he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with h[er] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of h[er] FMLA rights." Jones v. Denver Pub. Schls., 427 F.3d 1315, 1319 (10th Cir. 2005). Where the plaintiff fails to prove each of these elements, summary judgment must be granted in favor of the defendant. Id. at 1323, fn. 2.

As discussed above, Shumacher failed to provide CORE with a medical certification from her healthcare provider, as required by CORE in accordance with the FMLA. See 29 U.S.C. § 2613(a). Because Shumacher failed to satisfy this mandatory requirement, she was not entitled to leave under the FMLA. See Rager, 210 F.3d at 778-79; Urban, 393 F.3d at 576-77. As such, Shumacher cannot establish the first element of her prima facie case of interference with her FMLA rights a matter of law. Therefore, even if the Court concludes that CORE is an "employer" of Shumacher for FMLA purposes, it should grant summary judgment to CORE with respect to Count Three of Shumacher's amended complaint.

### C. CORE Did Not Retaliate Against Shumacher in Violation of Her FMLA Rights.

Shumacher has also asserted a claim for retaliation under the FMLA.[4] In order to prevail on her claim of retaliation, Shumacher must prove the prima facie elements of that claim. Hodgens, 144 F.3d at 160-61. To establish a prima facie claim for retaliation in violation of the FMLA, Shumacher must prove: (1) she engaged in a protected action under the FMLA; (2) she suffered an adverse employment action; (3) there is a causal connection between her protected activity and the employer's adverse employment action. Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 336 (1st Cir. 2005). If Shumacher cannot establish each of these elements, CORE is entitled to summary judgment with respect to that claim. Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 112 (1st Cir. 2006).

In this case, Shumacher was employed by Fairfield, which exclusively controlled the terms and conditions of her employment. In fact, Fairfield terminated Shumacher's employment after the denial of her leave request. CORE, on the other hand, did not take any

[4] Shumacher's allegation that she was retaliated against in violation of the FMLA is in Count Ten of her Amended Complaint. See fn. 1.

adverse action against Shumacher, as it had no ability or authority to affect her employment status. Therefore, Shumacher cannot establish the second essential element of a prima facie case of employment discrimination against CORE.

### D. Because No Disputed Issues of Fact Exist, CORE Is Entitled to Summary Judgment as a Matter of Law.

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for ruling on a motion for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment is only available when there is no dispute as to any material fact and only questions of law remain. United States ex. rel. D'Ambra Constr. Co., Inc., 24 F. Supp. 2d 218 (D.R.I. 1998). In determining whether summary judgment is appropriate, the court must view the facts on the record and all inferences therefrom in the light most favorable to the non-moving party. Continental Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d 370 (1st Cir. 1991), citing Garside v. Osco Drug, Inc., 895 F.2d 46 (1st Cir. 1990).

To determine whether summary judgment is appropriate, "the test is whether the nonmovant has presented specific facts sufficient to permit a reasonable jury to find in its favor." Hodgens v. General Dynamics Corp., 963 F. Supp. 102, 105 (D.R.I. 1997). "When a motion for summary judgment is directed against a party that bears the burden of proof, and the motion is supported by facts that . . . indicate a lack of proof to support that case, the nonmoving party is obliged to proffer enough contrary evidence to establish that there is a genuine factual dispute requiring a trial." "Unsupported allegations" or "promises that such evidence will be produced at trial are insufficient" to allow the party to avoid summary judgment. Id.

In this case, there is no genuine issue as to any material fact. It is undisputed that CORE did not employ Shumacher or exert any control or influence over the terms and conditions of her employment. Furthermore, Shumacher does not dispute that she failed to provide a medical certification form completed by her healthcare provider to CORE within the time allowed, notwithstanding that CORE had advised her that the submission of that form was a condition of the approval of her leave. CORE's denial of Shumacher's Leave request based on her failure to submit is consistent with the FMLA and the PFMLA. Therefore, the Court should grant summary judgment to CORE with respect to all of the counts in Shumacher's amended complaint.

## IV. CONCLUSION

For the foregoing reasons, Shumacher's claims against CORE should be dismissed with prejudice.

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

Colburn v. Parker Hannifin/Nichols Portland Div., 429 F.3d 325, 336 (1st Cir. 2005) ........ 14

Continental Cas. Co. v. Canadian Universal Ins. Co., 924 F.2d 370 (1st Cir. 1991) ........ 15

Crawford v. West New Jersey Health Sys., 847 F. Supp. 1232, 1236 (D.N.J. 1994) ........ 6, 7

Hodgens v. General Dynamics Corp., 963 F. Supp. 102, 105 (D.R.I. 1997) ........ 15

Hodgens v. General Dynamics Corp., 144 F.3d 151, 160-61 (1st Cir. 1998) ........ 13

Jones v. Denver Pub. Schls., 427 F.3d 1315, 1319 (10th Cir. 2005) ........ 13

Neri v. Ross Simons, Inc., 897 A.2d 42, 47-48 (R.I. 2006) ........ 10-11

Noviello v. City of Boston, 398 F.3d 76, 85 (1st Cir. 2005) ........ 6

Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 112 (1st Cir. 2006) ........ 14

Pacheco v. Raytheon Co., 623 A.2d 464, 465 (R.I. 1993) ........ 10

Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005) ........ 7

Paulo v. Cooley, Inc., 686 F. Supp. 377, 382 (D.R.I. 1990) ........ 8

Power v. City of Providence, 582 A.2d 895, 899 (R.I. 1990) ........ 8

Rager v. Dade Behring, Inc, 210 F.3d 776, 778-79 (7th Cir. 2000) ........ 12, 14

Roy v. Woonsocket Instit. for Sav., 525 A.2d 915, 917 (R.I. 1987) ........ 9

Russell v. Enterprise Rent-a-Car Co. of Rhode Island, 160 F. Supp. 2d 239, 253 (D.R.I. 2001) ........ 6

Socha v. Nat'l Ass'n of Letter Carriers, 883 F. Supp. 790, 807 (D.R.I. 1995) ........ 9

United States ex. rel. D'Ambra Constr. Co., Inc., 24 F. Supp. 2d 218 (D.R.I. 1998) ........ 15

Urban v. Dolgencorp of Texas, Inc., 393 F.3d 572 576-77 (5th Cir. 2004) ........ 12-13, 14

Vingi v. Rhode Island, 991 F. Supp. 44, 53 (D.R.I. 1997) ........ 9

| **Statutes** | **Page(s)** |
| --- | --- |
| 29 U.S.C. § 623(a) | 7 |
| 29 U.S.C. § 626(d) | 7 |
| 29 U.S.C. § 630(b) | 7 |
| 29 U.S.C. § 2611(4)(A)(ii)(I) | 11 |
| 29 U.S.C. § 2613(a) | 12, 14 |
| 29 U.S.C. 2615 | 7 |
| 42 U.S.C. § 2000e-2(a) | 6 |
| R.I. Gen. Laws § 28-5-6(7)(i) | 8 |
| R.I. Gen. Laws § 42-112-1 | 8-9 |


Timothy M. Bliss


Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant CORE, Inc.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com


Dated: July 17, 2006

**CERTIFICATE OF SERVICE**

To:

Kevin A. McKenna, Esq.
Kevin A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

John D. Doran, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5066

I hereby certify that I served on the above-named counsel of record a copy of the within Memorandum of Law by mailing first class mail, postage prepaid, on the 17th day of July, 2006.

Lisa A. Lariviere