IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHIRLEY SHUMACHER )
Plaintiff, )
)
v. )
) C.A. No. 05-500T
FAIRFIELD RESORTS, INC., a foreign Corp. )
doing business in R.I., Core, Inc. a foreign corp. )
doing business in R.I., and A, B, C. unknown )
and unascertained defendants whose identities )
may or shall become known, each as their interest )
may or shall appear, )
Defendants. )
)

**STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56(a) and in further support of its Motion for Summary Judgment, defendant CORE, Inc. ("CORE") submits the following Statement of Undisputed Facts:

1. Defendant Fairfield Resorts, Inc. ("Fairfield") is a corporation engaged in the sale of timeshare vacations. Amended Complaint at ¶ 6.

2. Plaintiff Shirley Shumacher was employed by Fairfield and its predecessor for approximately five-and-a-half years. Id. at ¶ 9.

3. Fairfield retained CORE at the relevant times to evaluate requests by employees for benefits under the Family and Medical Leave Act and the Rhode Island Parental and Family Medical Leave Act ("Leave"). Bernstein Aff. at ¶ 3,[1] Amended Complaint at ¶ 7. Apart from determining requests for Leave benefits, CORE had no control over the terms and conditions of Fairfield's employees. Bernstein Aff. at ¶ 3. CORE had no authority to discipline

[1] "Bernstein Aff." refers to the Affidavit of Andrew J. Bernstein, which was submitted in support of CORE, Inc's motion for Summary Judgment.

or terminate Fairfield's employees. Id.

4. Shumacher was not employed by CORE and never performed any services on behalf of CORE. Deposition of Shumacher ("Depo") at p. 129, l. 17-20.

5. On or about February 19, 2004, CORE was notified that Shumacher had requested a leave of absence from Fairfield. Bernstein Aff. at ¶ 5.

6. CORE reviewed Fairfield's employment records for Shumacher to determine whether she was eligible for Leave. Id. at ¶ 6. CORE determined that she had worked 1,224 hours in the twelve-months preceding the first day of her leave, which was less than the minimum number of hours required by the FMLA. Id.

7. CORE notified Fairfield of its determination and requested that it confirm Shumacher's hours. Id. at ¶ 7. CORE advised Fairfield that if it did not receive the requested information within two business days, Shumacher would be deemed eligible for Leave. Id.

8. CORE received no response from Fairfield to its request to verify Shumacher's hours. Id. at ¶ 8. Therefore, on February 25, 2004, CORE deemed Shumacher eligible for Leave. Id.

9. The same day, CORE wrote Shumacher informing her that she was eligible for Leave. Id. at ¶ 9. That letter also stated, "You are under no further obligation to provide clinical documentation for FMLA as long as your absence is being reviewed for or is approved for short term disability benefits. If your short-term disability is not approved for the full length of your absence, the attached certification form must be completed by your physician and returned to CORE within 7 business days of the STD decision." Id. A Family and Medical Leave Act Certification form was enclosed with the February 25th correspondence to be completed by Shumacher and her health care provider and returned to CORE. Id.

10. On February 26, 2004, Shumacher called a CORE representative. Id. at ¶ 10. She advised that she had been approved to receive disability benefits from the State of Rhode Island and that she did not want CORE to process her claim for short-term disability benefits. Id., Depo at 114, l. 4-10.

11. Shumacher received Temporary Disability Insurance ("TDI") benefits from the State of Rhode Island during the period of her absence from Fairfield. Depo at 109, l. 14-16. Shumacher received TDI benefits for a total of 26 weeks. Id. at 110, l. 6.

12. On March 8, 2004, CORE closed Shumacher's short-term disability claim. Bernstein Aff. at ¶ 11. Pursuant to CORE's policy, explained in its February 25th correspondence, Shumacher was required to submit the completed Family and Medical Leave Act Certification form to CORE within seven business days. Id.

13. Shumacher did not complete or return the Family and Medical Leave Act Certification form to CORE as required. Id. at ¶ 12. Consequently, CORE denied Shumacher's request for Leave, effective March 30, 2004. Id.

14. On April 20, 2004, CORE advised both Fairfield and Shumacher that Shumacher's request for Leave had been denied. Id. at ¶ 13. The April 20th letter to Shumacher also stated, "You may request administrative review of this decision by submitting the request *in writing* to CORE, along with any substantiating information. Our office must receive the request via fax or mail on or before 4/26/2004" (emphasis in original). Id.

15. On May 14, 2004, CORE received, via facsimile, an appeal by Shumacher from the denial of her request for Leave. Id. at ¶ 14. Also included with the appeal were a copy of a Family and Medical Leave Act Certification form, signed by James D. Gloor, M.D., and a document entitled, Physician's Statement of Fitness-for-Duty Release ("Release"). Id. The

Release, signed by Dr. Gloor, stated that Shumacher was not "physically and mentally fit to return to work." Id.

16. On May 25, 2004, CORE wrote Shumacher advising her that the denial of her leave was being upheld because her "appeal request was received after the allowable time frame." Id. at ¶ 15.

17. On or about September 21, 2004, Shumacher filed a Charge of Discrimination ("Charge") against Fairfield with the Rhode Island Commission for Human Rights and the Equal Opportunity Commission. Amended Complaint at ¶ 3, Ex. A.[2] The Charge alleged that Fairfield discriminated against Shumacher on the basis of sex and age. Id. at ¶ 3. The Charge did not name or contain any allegations against CORE. Id. at Ex. A.

18. CORE had no further contact with Shumacher after its May 25th letter until it was served with the complaint in this case. Bernstein Aff. at ¶ 16.

Timothy M. Bliss

Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant CORE, Inc.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: July 17 , 2006

[2] "Ex. A" refers to Exhibit A to plaintiff's amended complaint.

**CERTIFICATE OF SERVICE**

To:

Kevin A. McKenna, Esq.
Kevin A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

John D. Doran, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5066

I hereby certify that I served on the above-named counsel of record a copy of the within Statement of Undisputed Facts by mailing first class mail, postage prepaid, on the 17th day of July, 2006.

Lisa A. Laurie