IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SHUMACHER<br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS, INC., a foreign Corp. doing business in R.I., Core, Inc. a foreign corp. doing business in R.I., and A, B, C. unknown and unascertained defendants whose identities may or shall become known, each as their interest may or shall appear,<br>Defendants. | ) | C.A. No. 05-500T |

**ANSWER OF CORE, INC. TO AMENDED COMPLAINT**

Defendant CORE, Inc. ("CORE") responds to the allegations of plaintiff's amended complaint as follows:

**FIRST DEFENSE**

1. The allegations of paragraphs 1 and 2 state conclusions of law for which no response is required; to the extent the Court may otherwise construe those paragraphs, they are denied.

2. Answering the allegations of paragraph 3, alleges that a copy of a document entitled, "Charge of Discrimination," is attached to the amended complaint; except as so alleged, the allegations contained in that paragraph state conclusions of law for which no response is required; to the extent the Court may otherwise construe that paragraph, they are denied.

3. Answering the allegations of paragraph 4, alleges that a copy of a document entitled, "Notice of Right to Sue," is attached to the amended complaint; except as so alleged,

lacks knowledge or information sufficient to form a belief as to the remaining allegations of that paragraph.

4. Answering the allegations of paragraph 5, alleges that the plaintiff is a female, that the plaintiff has indicated on forms submitted to CORE that her date of birth is December 12, 1939, that plaintiff was advised in a letter dated April 21, 2004 from Fairfield Resorts that CORE had denied her request for leave under the FMLA and that as a consequence of that decision, her employment was being terminated, effective March 30, 2004; except as so alleged, lacks knowledge or information sufficient to form a belief as to the remaining allegations of that paragraph.

5. Answering the allegations of paragraph 6, alleges that whether co-defendant Fairfield Resorts, Inc. ("Fairfield Resorts") is an employer within the meaning of Title VII, ADEA and the FMLA are conclusions of law for which no response is required; to the extent the Court may otherwise construe those allegations, they are denied; except as so alleged, lacks knowledge or information sufficient to form a belief as to the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 7, alleges that CORE is a corporation, that it maintains a principal place of business at One Riverfront Plaza, Westbrook, ME 04092 and that it has evaluated requests for leave under the FMLA for Fairfield Resorts; except as so alleged, lacks knowledge or information sufficient to form a belief as to the allegations contained in that paragraph;

7. Repeats and realleges its responses to: paragraphs 1 through 7 in response to paragraph 8; paragraphs 1 through 17 in response to paragraph 18; paragraphs 1 through 21 in response to paragraph 22; paragraphs 1 through 24 in response to paragraph 25; paragraphs 1

through 27 in response to paragraph 28; paragraphs 1 through 30 in response to paragraph 31; paragraphs 1 through 33 in response to paragraph 34; paragraphs 1 through 36 in response to paragraph 37; paragraphs 1 through 39 in response to paragraph 40; paragraphs 1 through 42 in response to paragraph 43 and 1 through 45 in response to paragraph 46.

8. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9-14.

9. Answering the allegations of paragraph 15, alleges that the plaintiff was advised in a letter dated April 21, 2004 from Fairfield Resorts that CORE had denied her request for leave under the FMLA and that as a consequence of that decision, her employment was being terminated, effective March 30, 2004; except as so alleged, lacks knowledge or information sufficient to form a belief as to the remaining allegations of that paragraph.

10. Denies the allegations of paragraph 16, 17, 19-21, 23, 24, 26, 27, 29, 30, 32, 33, 35, 36, 38, 39, 41, 42, 44, 45, 47 and 48.

## SECOND DEFENSE

11. The amended complaint fails to state a claim against CORE upon which relief may be granted.

## THIRD DEFENSE

12. The plaintiff's claims may be preempted, in whole or in part, by the Employee Retirement Income and Security Act, 29 U.S.C. § 1001 et seq.

## FOURTH DEFENSE

13. The plaintiff's claims are barred by the applicable statutes of limitation.

**FIFTH DEFENSE**

14. The plaintiff's claim is barred by the doctrine of laches.

**SIXTH DEFENSE**

15. The plaintiff's claims are barred by the doctrines of waiver and estoppel.

**SEVENTH DEFENSE**

16. The plaintiff's claim is barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

17. The plaintiff's claims may be subject to arbitration.

**NINTH DEFENSE**

18. The plaintiff has failed to mitigate her damages, if any.

**TENTH DEFENSE**

19. All actions taken by CORE with respect to the plaintiff were carried out in good faith for legitimate, non-discriminatory business reasons.

**ELEVENTH DEFENSE**

20. The plaintiff has failed to exhaust her administrative remedies.

## TWELFTH DEFENSE

21. The plaintiff failed to exhaust the internal administrative remedies available to her.

## THIRTEENTH DEFENSE

22. The plaintiff's claims are precluded by the exclusivity provision of the Rhode Island Workers' Compensation Act.

WHEREFORE, defendant CORE, Inc. demands judgment dismissing the plaintiff's amended complaint with prejudice and an award of fees, costs and such further relief as this Court deems appropriate.

Timothy M. Bliss

Brooks R. Magratten, Esq., #3585
bmagratten@vetterandwhite.com
Timothy M. Bliss, Esq., #6228
tbliss@vetterandwhite.com
VETTER & WHITE
Attorneys for Defendant CORE, Inc.
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: July 18, 2006

**CERTIFICATE OF SERVICE**

To:

Kevin A. McKenna, Esq.
Kevin A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

John D. Doran, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5066

I hereby certify that I served on the above-named counsel of record a copy of the within Answer by mailing first class mail, postage prepaid, on the 18th day of July, 2006.

[signature]