and notification concerning termination of her employment, among other things as well as information produced by CORE, Inc. in response to Plaintiff's discovery requests. Please see documents Bates numbered FFR-000309 – FFR-000392.

**Interrogatory and Document Request No. 12:**

When did you first contemplate terminating Plaintiff's employment?

**Response to Interrogatory and Document Request No. 12:**

Fairfield objects to the foregoing interrogatory as vague and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's termination was not discussed prior to her failure to return from an unapproved absence. To the extent a Fairfield employee with the authority to terminate Plaintiff's employment "contemplated" that possibility, such information is more appropriately elicited by other means of discovery, namely, depositions.

**Interrogatory and Document Request No. 13:**

Please identify each person who participated in deciding to terminate Plaintiff's employment or who reviewed the decision to terminate Plaintiff's employment.

**Response to Interrogatory and Document Request No. 13:**

The decision to terminate Plaintiff's employment was made by Joseph Hutnick in consultation with Janice Weber. Ms. Weber is a former employee and is not readily available to Fairfield, however, Mr. Hutnick asked Ms. Weber to consult with Fairfield's Human Resources Department to confirm his decision and it is believed that Ms. Weber did so.