UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

SHIRLEY SCHUMACHER }
CIVIL ACTION NO. 05-500T
Plaintiff, }
v.
}
FAIRFIELD RESORTS INC., a foreign
Corporation doing business in RI and }
CORE INC., a foreign Corporation doing
Business in RI ; and A,B,C: Unknown, }

Defendants, }

**OBJECTION TO MOTION FOR SUMMARY JUDGEMENT**

Shirley Schumacher ("Schumacher"), through counsel hereby objects to the Motion for Summary Judgment filed by Core, Inc. ("Core"), in that there are material facts in dispute that would deny a summary judgment motion as a mixed question of fact and law. In support hereof, Schumacher submits the accompanying Memorandum of Law and the accompanying Statement of Disputed Material Facts with Appendix of Exhibits.

Plaintiff Shirley Schumacher
By her Attorneys

Keven A. McKenna (for MLS)

Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island 02903
(401) 273-8200

And

Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877

DATE; August 10, 2006

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on August 10th, 2006, I caused a true copy of the forgoing to be served by first class mail, postage prepaid, to the following counsels of record:

John D. Doran, Esq.
Edwards Angel Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Timothy M. Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Michael S. Salter

UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | } | CIVIL ACTION NO. 05-500T |
| Plaintiff, | } | |
| v. | } | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and | } | |
| CORE INC., a foreign Corporation doing Business in RI; and A.B.C: Unknown, | } | |
| Defendants, | } | |

MEMORANDUM OF SHIRLEY SCHUMACHER IN SUPPORT OF HER OBJECTION TO CORE, INC.'S MOTION FOR SUMMARRY JUDGMENT

## I. FACTS

Plaintiff Shirley Schumacher ("Schumacher") was employed at Fairfield Resorts or its predecessor for approximately five and one half years. At the time of her *termination she was sixty-three years old. (Schumacher Affidavit ¶ 2, attached hereto as* A)

Schumacher complained to Fairfield employees Lemlar and Coppa that her supervisor Joseph Hutnick ("Hutnick") had called her a "cunt" and "bitch" Both Lemlar and Coppa reported to Hutnick what Schumacher had told them.(Deposition of Shirley Schumacher ("Schumacher Deposition"), p.88 attached hereto as Exhibit A) Before Schumacher left for her scheduled vacation Hutnick told her that when she returned that she would no longer be manager. (Schumacher Deposition, p. 106) Schumacher went to Florida for vacation but was unable to relax and became more depressed over the

demeaning incidents with Hutnick. Consequently, she quit her vacation early returned to Rhode Island and sought the care of her physician Dr. James D. Gloor.

Dr. Gloor began treating Schumacher for stress that she contributed to her hostile work environment. (Deposition of Dr. James D. Gloor ("Gloor Deposition") pp 9-13; attached hereto as Exhibit C) Dr. Gloor provided Schumacher with a disability certificate indicating that she could not work from February 11, 2004 through April 11, 2004. (Schumacher Affidavit, ("Affidavit") exhibit, 2 Attached hereto as Exhibit B)

Schumacher provided this Disability Certificate to her employer Fairfield Resorts, Inc ("Fairfield"). (Affidavit, ¶ 4 exhibit 2) She also contacted Jan Weber, Leave and Disability Coordinator at Fairfield to notify her that she would be requiring a leave of absence. (Schumacher Deposition, p. 97) Fairfield placed Schumacher on leave as of February 11, 2004 (Affidavit, exhibit 3)

Core in a letter dated February 25, 2004 advised Schumacher that her medical leave entitlements would run concurrently with any approved disability absence. That if her Short term disability was denied she would have seven (7) days to provide her medical Certification (Affidavit, exhibit 4)

On February 26, 2004 Schumacher contacted Core, Inc. ("Core") to tell it that she was not making application to Core for short term-disability that she had elected instead to receive Temporary Disability Insurance ("TDI") through the policy provided by the State of Rhode Island because she would receive more money. (Schumacher Deposition, pp.130-131; (Affidavit, Exhibit 5)

Schumacher had no further contact with core until she contacted it on April 30, 2004, (Affidavit, ¶ 10, exhibit 5) it was Fairfield not Core who notified her that FMLA leave had been denied, (Affidavit, exhibit 7)

On May 6, 2004 Schumacher contacted Core to appeal her denial and was advised of the appeal process.(Affidavit, exhibit 5) she submitted her appeal to Core it was denied because it was out of time.(Affidavit, exhibit 9)

## II. ISSUES

1. Whether Core is within the scope of the FMLA definition of employer?
2. Whether Schumacher has an interference claim against Core?
3. Whether Summary Judgment is appropriate in this case?

## III. ARGUMENT

### A. Core is an employer for purposes of the FMLA

Fairfield retained Core to evaluate request by employees for benefits under the Family Medical leave Act ("FMLA") and the Rhode Island Parental and Family medical leave Act. ("PFMLA") (Core's Statement of Undisputed Facts, ¶ 3) Core is within the scope of the FMLA definition of employer because it acted in the interest of Fairfield. See 29U.S.C. § 2611 (4) (A)(ii)(I) (defining the term "employer" to include "any person who acts, directly or indirectly, in the interest of an employer.

### B. Core interfered with Schmacher's FMLA and PFMLA Rights

Schumacher claims that Core interfered with her FMLA and PFMLA rights in two ways First, by denying her application for FMLA protected leave and secondly, denying her appeal.

Schumacher believed that Fairfield was processing her FMLA application based upon Fairfield's statements and conduct. Both Core and Fairfield said or did anything to suggest to Schumacher that by cooperating with Fairfield regarding her FMLA application she would be jeopardizing her entitlement to FMLA protected leave. Therefore, Core should not be permitted to use Schumacher's failure to provide Medical Certification as justification to deny Schumacher FMLA protection.

"An employer who by his silence misled an employee concerning the employee's entitlement to family leave might, if the employee reasonably relied and was harmed as a result, be estopped to plead the defense of ineligibility to the employee's claim of entitlement to family leave. Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000)

Core failed to notify Schumacher that her FMLA application had been denied because it mailed the April 20, 2004 letter to the wrong address. (Schumacher Affidavit, ¶11, exhibit 6) She submitted an appeal (Schumacher Affidavit, exhibit 8) the appeal was denied because it was not submitted within the time frame designated by the letter of denial that she had not received. (Schumacher Affidavit, ¶ 15, exhibit 9) Core's actions denied Schumacher a fair opportunity to have her appeal objectively reviewed and thereby interfered with her FMLA and PFMLA entitlement.

## SUMMARY JUDGMENT SHOULD BE DENIED IN THIS CASE

Schumacher has shown there are genuine issues of material facts in dispute that would preclude summary judgment.

**Conclusion**

For the foregoing reasons Core's request for summary judgment should be denied.

Respectfully submitted,

Plaintiff Shirley Schumacher
By her Attorneys

Keven A. McKenna (for MLS)

Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island 02903
(401) 273-8200

And

Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877

Dated: August 10, 2006

**CERTIFICATE OF SERVICE**

I the undersigned, hereby certify that on August 10th 2006 I caused a true copy of the foregoing to be mailed first class postage pre-paid to the following counsel of record:

John D. Doran, Esq.
Edwards Angel Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Timothy M. Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Michael L. Solitro

Michael L. Solitro, Esq.