UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS, INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown,<br><br>Defendants. | : | C.A. No. 05-500-T |

**REPLY BRIEF OF FAIRFIELD RESORTS, INC. IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

What is most remarkable about Plaintiff Shirley Schumacher's ("Schumacher") Objection to Fairfield Resorts, Inc.'s ("Fairfield") Motion for Summary is the combination of misapplied and misconstrued law with her disjointed effort to concoct the appearance of a factual dispute where there is none. Schumacher does not and cannot dispute, however, that while an at-will employee of Fairfield, she was the recipient of at least two Notices of Corrective Action, that she took a planned vacation from which she never returned, and as a result, because she was ineligible for FMLA leave, Fairfield terminated her employment. Furthermore, Schumacher's factual allegations, even if presumed true, simply do not rise to the level necessary to establish a prima facie case of age or sex discrimination, hostile environment, or retaliation. Additionally, Schumacher's affidavit should be disregarded to the extent it contradicts her previous deposition testimony. Taken together, summary judgment should be granted, and the Complaint dismissed in its entirety with prejudice.

**THE COURT SHOULD GRANT SUMMARY JUDGMENT BECAUSE SCHUMACHER HAS FAILED TO RAISE ANY GENUINE ISSUE OF MATERIAL FACT FOR TRIAL, AND FAIRFIELD IS ENTITLED TO JUDGMENT AS A MATTER OF LAW**

**A. Because of the Length of Her Leave, Schumacher Was Not Entitled to FMLA Protections, and Any Purported Underlying Factual Dispute is Immaterial to the Granting of Summary Judgment.**

In her Objection to Fairfield's Motion for Summary Judgment, Schumacher attempts to create factual issues that are wholly irrelevant to the legal issue at stake. Namely, even assuming that the proper FMLA application process had been followed by Schumacher, CORE, and Fairfield, Schumacher was ineligible due the length of her medical absence. Under the FMLA, an eligible employee may take up to twelve (12) weeks of protected leave, see 29 U.S.C. § 2612, whereas under the RIFMLA, protected leave is limited to thirteen (13) weeks. See R.I. Gen. Laws § 28-48-2. Once that period has expired, however, an employer is under no obligation to the employee, and the employer cannot be held liable for terminating even a qualified employee. See Edgar v. JAC Products, Inc., 443 F.3d 501, 506 (6th Cir. 2006).

In this case, it is undisputed that Schumacher could not have returned to work until long after the expiration of the statutory period. According to Schumacher's own physician, the earliest that Schumacher could have returned to work would have been September 2004, some seven months after taking leave. (Statement of Undisputed Facts ("Statement") at ¶ 47). Schumacher herself testified that she was unable to return to work until 2005, approximately one year after taking leave. (Statement at ¶ 37). Under this set of facts, Fairfield cannot be held in violation of FMLA. "[A]n employee does not violate the FMLA when it fires an employee who is undisputably unable to return to work at the conclusion of the 12-week period of statutory leave." Edgar, 443 F.3d at 506; see also Moody v. Honda of Am. MFG., Inc., No. 2:05-cv-0880, 2006 WL 1785464, at * 2 (S.D. Ohio June 26, 2006) (reaffirming the holding in Edgar that

summary judgment is warranted even where there is a factual dispute as to the submission of eligibility paperwork, when employee would not have been able to return to work until well after the leave period had expired). Thus, regardless of what factual claims Schumacher has raised as to any alleged technical violations of the FMLA, and because there is no dispute she could not have returned within the statutory period, her claims must fail.

**B. Schumacher's Attempts to Raise a Genuine Issue of Material Fact as to The Alleged Discrimination Miss the Mark Because it is Undisputed That She Failed to Report the Alleged Conduct to Management.**

Schumacher's attempts to create a genuine issue of material fact regarding whether her supervisor's behavior amounts to unlawful discrimination fail because, even if true, it is undisputed that she failed to report the alleged conduct to Fairfield's management. See Faragher v. City of Boca Raton, 524 U.S. 775, 787-89 (1998). Schumacher attempts to sidestep this procedural requirement by alleging that she complained to her co-workers regarding her supervisor's allegedly discriminatory behavior. However, even assuming the truth of these allegations, Schumacher's claims still fail because she never informed Fairfield's management, whether constructively or otherwise, of the alleged discriminatory conduct engaged in by her supervisor. See, e.g., Reed v. MBNA Mktg. Sys., Inc., 333 F.3d 27, 32 (1st Cir. 2003) (holding that an employee's failure to use the employer's complaint procedure will "normally suffice to satisfy the employer's burden under the [Faragher] defense"). Fairfield is therefore entitled to summary judgment with respect to Schumacher's discrimination claims.

**C. Schumacher's Retaliation Claim Was Not Preserved Through The Filing of Her EEOC Charge in This Case.**

Schumacher's argument that her Title VII retaliation claim was preserved through the filing of her EEOC charge fails because it both misapplies and misconstrues First Circuit case law. Schumacher contends that she properly exhausted her administrative remedies with respect

to her Title VII retaliation claim because she brought an EEOC charge for other alleged discriminatory conduct of Fairfield. In order to support this argument, Schumacher misinterprets the holding of Clockedile v. New Hampshire Dep't of Corr., 245 F.3d 1 (1st Cir. 2003).

In Clockedile, an employee brought a Title VII action against her employer for allegedly retaliating against her after she filed a sexual harassment charge with the EEOC. Id. at 3. The employee asserted claims of sexual harassment at the administrative level, but did not assert a claim for retaliation because the alleged retaliation did not occur until after the filing of the charge. Id. The district court ultimately dismissed the retaliation claim for failure to pursue administrative remedies, and the employee appealed. Id. The employee argued that her retaliation claim was not barred because it was related to the discrimination complained of to the administrative agency. Id. The First Circuit held that "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency—*e.g.*, the retaliation is for filing the agency complaint itself." Id. at 6 (emphasis added).

This case, however, is markedly different from Clockedile. Here, the basis for Schumacher's retaliation claim accrued prior to the filing of her charge of discrimination and therefore logically did not grow out of, or arise as a result of, the filing of her agency complaint. Schumacher's reliance on Clockedile is misguided and her Title VII retaliation claim should be dismissed.

**D. Schumacher Cannot Rely on Her Affidavit to Create a Genuine Issue of Material Fact in This Case.**

Schumacher's attempt to create issues of material fact by submitting an affidavit in support of her motion for summary judgment which contradicts her previous deposition testimony is not permitted, and therefore should not be considered by this Court when ruling on Fairfield's motion. This court has held on numerous occasions that "a party cannot create a

genuine issue of material fact to defeat summary judgment by submitting an affidavit which contradicts her own previous deposition testimony." Bard v. Mark Steven CVS, Inc., 378 F. Supp. 2d 33, 39 (D.R.I. 2005); see Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 35 (1st Cir. 2001) ("We have refused to allow issues of fact to be created simply by submitting a subsequent contradictory affidavit."). Here, Schumacher's affidavit is clearly an attempt to rehabilitate responses to deposition questions that she now realizes have a negative impact on her claims. Compare Schumacher Aff. at ¶ 18 ("Schumacher denies the allegation in Paragraph 52 of Fairfield's Statement that there were many managers in there 60's and 70's at the Newport facility"), with Schumacher Dep. at 122: 22-24 ("Q: So there were a number . . . that were in their 60s or 70s? A: Yes."). Accordingly, Schumacher's attempt to create issues of fact through her affidavit should be disregarded to the extent it conflicts with her previous deposition testimony.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple

Martin W. Aron (*Admitted Pro Hac Vice)*
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel. 973- 376-7700
Telecopy 973-376-3380
maron@eapdlaw.com

Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August 2006 a copy of the within was served by ECF filing or by first class mail, postage prepaid to:

Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

Brooks Magratten, Esq.
Timothy Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Raymond M. Ripple