IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHIRLEY SHUMACHER,<br>Plaintiff<br><br>v.<br><br>FAIRFIELD RESORTS, INC., a foreign Corp. doing business in R.I., Core, Inc. a foreign corp. doing business in R.I., and A, B, C. unknown and unascertained defendants whose identities may or shall become known, each as their interest may or shall appear,<br>Defendants | C.A. No. 05-500T |

**REPLY MEMORANDUM OF CORE, INC. IN RESPONSE TO PLAINTIFF'S OBJECTION TO CORE, INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant CORE, Inc. ("CORE") replies to plaintiff's objection to its motion for summary judgment.

## I. CORE Notified Shumacher That It, Not Fairfield, Was Reviewing Her Request for FMLA Leave.

Schumacher argues that CORE's motion for summary judgment should be denied because she was unaware that CORE was processing her FMLA application. See Shumacher Memo[1] at 4. Shumacher admits, however, that she received CORE's February 25th letter to her. See Shumacher Aff.[2] at ¶ 6. In that letter she was advised, "Your reported absence beginning 1/31/2004 is being reviewed for short-term disability benefit(s). *CORE, INC. has reviewed these dates for possible job protection under your available family and medical leave entitlements(s)* [sic]" (emphasis added). See Shumacher Aff. at Ex. 4. This correspondence unequivocally states that *CORE, not Fairfield*, was reviewing her request for leave pursuant to the FMLA

---

[1] The term "Schumacher Memo" refers to the "Memorandum of Shirley Schumacher in Support of Her Objection to CORE Inc.'s Motion for Summary Judgment."

[2] The term "Schumacher Aff." refers to the "Affidavit of Plaintiff Shirley Schumacher in Support of Her Objection to CORE Inc.'s Motion for Summary Judgment," which was attached as Exhibit B to her objection.

("Leave"). Therefore, any confusion of Schumacher as to which entity was reviewing her Leave request was unreasonable and not caused by an act or omission of CORE.

## II. Even After Schumacher Admits She Was Advised By CORE of Its Appeal Process, She Still Failed to Submit a Timely Appeal.

Shumacher also argues that CORE denied her "a fair opportunity to have her appeal objectively reviewed" because it mailed notice of the denial of her Leave request to her previous address. Schumacher Memo at 4. This argument is also without merit.

Shumacher admits that she was advised by Fairfield on April 21, 2004 that CORE had denied her Leave request. Shumacher Aff. ¶ 12 and Ex. 7. Shumacher also admits that, after learning of CORE's denial on April 21, she waited 15 days before contacting CORE on May 6 to appeal her denial. Schumacher Aff. ¶ 13 and Ex. 5. Notwithstanding the substantial delay, Shumacher states that CORE "advised [her] of [its] appeal process" at that time. Schumacher Aff. ¶ 13 and Ex. 5. After learning of her right to appeal, however, Shumacher delayed filing an appeal for an additional eight days, waiting until May 14, 2004 to transmit her appeal to CORE.

It is CORE's regular practice to permit an individual to appeal the denial of a Leave request within six days after a letter is sent to the individual notifying him or her of the denial. Bernstein Supp. Aff. at 3.[3] In this case, CORE sent a letter to Shumacher dated April 20, 2004 notifying her that her Leave request had been denied. Shumacher Aff. at Ex. 6. Bernstein Supp. Aff. at 4. Consistent with CORE's standard practice, that letter advised Shumacher that she had until April 26, 2004 to appeal its denial. Shumacher Aff. at Ex. 6. Bernstein Supp. Aff. at 5.

Even accepting as true, for purposes of this motion only, Shumacher's statement that she was not advised by CORE of the appeal process until May 6, 2004, see Shumacher Aff.

[3] The term "Bernstein Supp. Aff." refers to the Supplemental Affidavit of Andrew J. Bernstein, which is attached hereto as Exhibit A.

¶ 13, the deadline to submit her appeal would have been May 12, 2004. Shumacher, however, failed to submit her appeal to CORE until May 14, 2004. Shumacher Aff. ¶ 14 and Ex. 8. See also CORE's Statement of Undisputed Facts at ¶ 15. Therefore, CORE properly denied Schumacher's appeal based on its untimeliness.

The United States District Court for the Northern District of Illinois granted summary judgment to an employer under similar circumstances in Wilson v. Ameritech, 2003 WL 21077438 (N.D. Ill. 2003). In that case, the plaintiff sued her former employer after she was terminated for violating its attendance policy. Id. at *3. The employer argued that the plaintiff's absences from work were not protected absences under the FMLA because she had failed to provide it with a completed medical certification form. Id. at *8. The plaintiff responded by claiming that she never received the necessary certification forms because her employer had mailed them to the wrong address. Id. at *7.

The Wilson Court rejected the plaintiff's argument that she had been denied the opportunity to obtain FMLA leave. Id. The court noted that, in addition to mailing the certification forms to the plaintiff, the defendant employer had also provided the necessary forms to her at her termination hearing and advised her that she had three days in which to complete and return them. Id. Therefore, the court held, "Even if [the defendant] had erroneous[ly] mailed this certification form, it cured the mistake at her dismissal hearing by providing Wilson with three more days to submit the certification." Id. The court then granted the employer's summary judgment motion.

In this case, CORE provided Shumacher with at least two opportunities to file a timely appeal of its denial of her Leave request. Similar to the plaintiff in Wilson, Shumacher has argued that she was denied the opportunity to have her Leave request fully evaluated because CORE mailed documents to an incorrect address. Shumacher's argument fails to account for the

fact that, by her own admission, CORE provided her with a *second* opportunity to appeal its denial of her leave request when she contacted it on May 6, 2004. CORE submits that, consistent with the Wilson Court's holding, it cured any defect that may have existed in its earlier notice to her when Shumacher contacted it on May 6th and was advised at that time of her appeal rights.

Shumacher failed to take advantage of this second chance at an appeal, however, and submitted her appeal after the applicable period had expired, just as the plaintiff in Wilson failed to timely return the completed certification forms after they were provided to her at her termination hearing. Therefore, CORE respectfully submits that this Court should hold that CORE did not interfere with her FMLA rights when it denied Schumacher's appeal.

## III. Conclusion

For the foregoing reasons, CORE respectfully requests that the Court grant its motion for summary judgment dismissing all of plaintiff's claims.

/s/Timothy M. Bliss
Brooks R. Magratten, Esq., #3585
Timothy M. Bliss, Esq., #6228
VETTER & WHITE
Attorneys for Defendant CORE, Inc.
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Dated: August 31, 2006

**CERTIFICATE OF SERVICE**

To:

Kevin A. McKenna, Esq.
Kevin A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

John D. Doran, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5066

I hereby certify that I electronically filed this reply memorandum on August 31, 2006. The reply memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means and by mailing first class mail, postage prepaid.

/s/Timothy M. Bliss