IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SHIRLEY SHUMACHER )
Plaintiff, )
)
v. )
) C.A. No. 05-500T
FAIRFIELD RESORTS, INC., a foreign Corp. )
doing business in R.I., Core, Inc. a foreign corp. )
doing business in R.I., and A, B, C. unknown )
and unascertained defendants whose identities )
may or shall become known, each as their interest )
may or shall appear, )
Defendants. )

STATE OF MAINE )
) ss:
COUNTY OF CUMBERLAND )

**AFFIDAVIT OF ANDREW J. BERNSTEIN**

I, Andrew J. Bernstein, being duly sworn, states:

1. I am over the age of 18 years and am a resident of Cape Elizabeth, Maine. I have personal knowledge of the matters stated in this affidavit and, if called as a witness, could and would competently testify thereto.

2. I have been employed by CORE since 2001. I am currently employed as its Vice President, General Counsel.

3. CORE was a third-party administrator retained by Fairfield Resorts, Inc. ("Fairfield") to evaluate requests by employees for benefits under the Family and Medical Leave Act and the Rhode Island Parental and Family Medical Leave Act ("Leave"). Apart from determining requests for Leave benefits, CORE had no control over the terms and conditions of Fairfield's employees. CORE had no authority to discipline or terminate Fairfield's employees.

4. I am familiar with a claim by Shirley Shumacher, an employee of Fairfield, which was reviewed by CORE for eligibility for Leave.

5. According to notepad entries in the File, on or about February 19, 2004, CORE was notified that Shumacher had requested a leave of absence from Fairfield.

6. CORE reviewed Fairfield's employment records for Shumacher to determine whether she was eligible for Leave. CORE determined that she had worked 1,224 hours for Fairfield in the twelve-months preceding the first day of her absence from work, which was less than the minimum number of hours required by the FMLA.

7. CORE notified Fairfield of its determination and requested that it confirm Shumacher's hours. CORE advised Fairfield that if CORE did not receive the requested information within two business days, Shumacher would be deemed eligible to receive Leave.

8. CORE received no response from Fairfield to its request to verify the hours Shumacher worked. Therefore, CORE deemed Shumacher eligible to receive Leave benefits.

9. On February 25, 2004, CORE informed Shumacher that she was eligible for Leave benefits. That letter also stated, "You are under no further obligation to provide clinical documentation for FMLA as long as your absence is being reviewed for or is approved for short term disability benefits. If your short-term disability is not approved for the full length of your absence, the attached certification form must be completed by your physician and returned to CORE within 7 business days of the STD decision." A Family and Medical Leave Act Certification form was enclosed with the February 25th correspondence to be completed by Shumacher and her health care provider and returned to CORE.

10. According to the electronic event log in the File, on February 26, 2004, Shumacher called a CORE representative. She advised that she had been approved to receive disability benefits from the State of Rhode Island and that she did not want CORE to process her claim for short-term disability benefits.

11. According to the notepad entries in the File, on March 8, 2004, Shumacher's short-term disability claim was closed. Pursuant to CORE's policy, explained in its February 25th letter, Shumacher was then required to submit the completed Family and Medical Leave Act Certification form to CORE within seven business days.

12. Shumacher did not complete or return the Family and Medical Leave Act Certification form to CORE as required. Consequently, CORE denied Shumacher's request for Leave, effective March 30, 2004.

13. On April 20, 2004, CORE advised both Shumacher and Fairfield that Shumacher's request for Leave had been denied. The April 20th letter to Shumacher also stated, "You may request administrative review of this decision by submitting the request *in writing* to CORE, along with any substantiating information. Our office must receive the request via fax or mail on or before 4/26/2004" (emphasis in original).

14. On May 14, 2004, CORE received, via facsimile, an appeal by Shumacher from the denial of her request for Leave. Included with the appeal were a copy of a Family and Medical Leave Act Certification form, signed by James D. Gloor, M.D., and a document entitled, Physician's Statement of Fitness-for-Duty Release ("Release"). The Release, signed by Dr. Gloor, stated that Shumacher was not "physically and mentally fit to return to work."

15. On May 25, 2004, CORE wrote Shumacher advising her that the denial of her leave was being upheld because her "appeal request was received after the allowable time frame."

16. After the May 25th letter, CORE had no further contact with Shumacher until CORE was served with the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct.

____________________________

Subscribed and sworn to before me this
25 day of August, 2006.

____________________________
NOTARY PUBLIC
My Commission Expires **Donna L. Karkos, Notary Public**
**State of Maine**
**My Commission Expires 9/1/2008**

**CERTIFICATE OF SERVICE**

To:

Kevin A. McKenna, Esq.
Kevin A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

John D. Doran, Esq.
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903

Martin W. Aron, Esq.
Edwards Angell Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078-5066

I hereby certify that I electronically filed this Affidavit on August 31, 2006. The Affidavit is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record has been effectuated by electronic means and by mailing first class mail, postage prepaid.

/s/Timothy M. Bliss