UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | } | CIVIL ACTION NO. 05-500T |
| Plaintiff, | } | |
| v. | } | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and | } | |
| CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown, | } | |
| Defendants, | } | |

OBJECTION ON BEHALF OF SHIRLEY SCHUMACHER TO DEFENDANTS FAIRFIELD RESORTS, INC. AND CORE, INC.'S JOINT MOTION TO STRIKE HER AFFIDAVITS AND EXHIBITS IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT.

Plaintiff Shirley Schumacher ("Plaintiff") objects to defendants' Fairfield Resorts, Inc. and Core, Inc.'s Joint Motion to strike her Affidavits and Exhibits submitted in support of her opposition to defendants' respective Motions for Summary Judgment. In support of her objection Plaintiff relies on the accompanying memorandum of law.

Plaintiff Shirley Schumacher
By her Attorneys.

/s/ Keven A. Mckenna
Keven A. McKenna #662
McKenna Law P.C
23 Acorn Street
Providence, RI 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877
(401) 270-3516 FAX

UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | } | CIVIL ACTION NO. 05-500T |
| Plaintiff, | } | |
| v. | } | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown, | } | |
| | } | |
| Defendants, | } | |

<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF SHIRLEY SCHUMACHER'S OBJECTION TO DEFENDANTS' JOINT MOTION TO STRIKE HER AFFIDAVITS AND EXHIBITS IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' RESPECTIVE MOTIONS FOR SUMMARY JUDGMENT.</u>

Plaintiff Shirley Schumacher ("Plaintiff") objects to Defendants' Fairfield Resorts, Inc. and Core, Inc's Joint Motion to strike her Affidavits and Exhibits filed in opposition to Defendants' respective Motions for Summary Judgment.

On August 17, 2006, this Court issued an order denying Defendants' and Plaintiff's motions to exceed page limits with respect to exhibits submitted in support of, or opposition to defendants Fairfield Resorts, Inc. and Core, Inc.'s respective motions for summary judgment. (A copy of that Order is attached hereto as <u>Exhibit A)</u>.

On August 22, 2006 this Court issued an order striking the exhibits and affidavits filed by the Defendants' in support of there respective motions for summary judgment. (A copy of that Order is attached hereto as <u>Exhibit B)</u>. As part of that Order the Court ordered stricken the exhibits appended to Plaintiff's opposition to Defendants' motions for summary judgment.

The basis for the Court's Order striking these documents from the record was counsel's failure to comply with Rule 7 (d) (2) of this Court's Local Rules. Local Rule Cv 7 (d) (2) provides that, "before filing or objecting to any motion, counsel shall determine what page limits, if any have been set by [the judicial officer to whom the case is assigned]."

Here, the Defendants and Plaintiff had filed motions to exceed page limits with respect to exhibits submitted in support of, and opposition to defendants Fairfield Resorts, Inc. and Core, Inc.'s motions for summary judgment. Shortly thereafter and before the Court had ruled on Defendant's and Plaintiff's motions to exceed page limitations, the Defendants' filed their respective Motions for Summary Judgment and Plaintiff had filed her Objections to those motions. This Court responded by denying the motions to exceed page limitations.

Pursuant to the August 22, 2006 Order, the parties were permitted to supplement their filings with affidavits and/or exhibits that complied with the page limits set forth in the Pretrial Order.

Pursuant to the August 22, 2006 Order, On September 22, 2006 Plaintiff submitted her revised filings in support of her Opposition to the Motions for Summary Judgment filed by the Defendants. She amended each of her exhibits and affidavits to twenty (20) pages or less to comply with both the Court's August 22, 2006 Order and Chief Judge Torres' Pretrial Order.

The Defendants' define Chief Judge Torres' Order as limiting the Plaintiff to a total of twenty (20) pages of documentary evidence in support of her opposition to their respective Motions for Summary Judgment. Plaintiff submits that this definition by Defendants' is restrictive and does not comply with Chief Judge Torres' Pretrial Order. Moreover, Defendants' definition would unreasonably limit her ability to adequately support her oppositions to Defendants' respective motions for summary judgment.

Plaintiff therefore request that Defendants' joint motion to strike the affidavits and exhibits filed in support of her oppositions to Defendants' respective motions for summary judgment be denied.

Plaintiff Shirley Schumacher
By her Attorneys.

/s/ Keven A. Mckenna
Keven A. McKenna #662
McKenna Law P.C
23 Acorn Street
Providence, RI 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877
(401) 270-3516 FAX

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 12th day of October, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

Raymond M. Ripple, Esq.
rripple@eapdlaw.com

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Keven A. McKenna, Esq.
KevenM@MckennaLaw.com

/s/ Michael L. Solitro
Michael L. Solitro