# EXHIBIT B

Case 1:05-cv-00500-T-DLM Document 41-1 Filed 08/22/2006 Page 1 of 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SHIRLEY SHUMACHER,

Plaintiff,

v. C.A. No. 05-500T

FAIRFIELD RESORTS, INC., a foreign corporation doing business in Rhode Island, and CORE, INC., a foreign corporation doing business in Rhode Island,

Defendants.

**ORDER**

The following documents are hereby STRICKEN for failure to comply with Rule 7(d)(2) of this Court's Local Rules Applicable to Civil Proceedings:

1. the exhibits appended to Defendant Fairfield Resorts, Inc.'s Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, filed on July 17, 2006;
2. the Affidavit of Andrew J. Bernstein, filed on July 17, 2006, by Defendant Core, Inc., in support of its Motion for Summary Judgment;
3. the exhibits appended to Plaintiff Shirley Shumacher's Memorandum in Support of Her Objection to Fairfield Resorts, Inc.'s Motion for Summary Judgment, filed on August 10, 2006; and
4. the exhibits appended to Plaintiff Shirley Shumacher's Memorandum in Support of Her Objection to Core, Inc.'s Motion for Summary Judgment, filed on August 10, 2006.

Local Rule Cv 7(d)(2) provides that, "[b]efore filing or objecting to any motion, counsel shall determine what page limits,

Case 1:05-cv-00500-T-DLM Document 41-1 Filed 08/22/2006 Page 2 of 3

if any, have been set by [the judicial officer to whom the case is assigned]." (emphasis added). The page limits set by the undersigned judicial officer are attached as an appendix to this Order.

At their discretion, Defendants may file amended versions of the documents numbered "1." and "2." above, along with, if necessary, amended versions of their memoranda of law and/or statements of undisputed facts. Similarly, at her discretion, Shumacher may file amended versions of the documents numbered "3." and "4." above, along with, if necessary, amended versions of her memoranda of law and/or statements of disputed material facts. Any such amended filings shall comply with the attached page limits, subject to the five-page extension the Court already has granted to each party for a supplemental statement of facts. Defendants' amended documents shall be filed not later than September 8, 2006, and Shumacher's amended documents shall be filed not later than September 22, 2006.

By Order

Deputy Clerk

ENTER:

Ernest C. Torres
Chief Judge

Date: 8/22/06

Case 1:05-cv-00500-T-DLM Document 41-1 Filed 08/22/2006 Page 3 of 3

**<u>Appendix A - Page Limits</u>**

Unless otherwise permitted, by the Court, for good cause shown, documents filed in support of or in opposition to any motion or appeal shall not exceed the following page limits:

1. <u>Memoranda of Law</u>. A memorandum of law in support of or in opposition to a motion shall not exceed ten (10) pages; provided, however, that memoranda in support of or in opposition to motions to dismiss, motions for summary judgment, a magistrate judge's Report and Recommendation, a bankruptcy appeal or an administrative appeal shall not exceed twenty (20) pages. Reply memoranda may not exceed five (5) pages.

2. <u>Statements of Undisputed Fact</u>. Statements of undisputed facts relating to motions for summary judgment shall not exceed ten (10) pages.

3. <u>Appendices, Exhibits and Other Supporting Documents</u>. Except as provided in paragraph 4, appendices, exhibits and any other documents whatsoever, regardless of how they are denominated, shall not exceed ten (10) pages in the aggregate; or, in the case of a motion for summary judgment, twenty (20) pages in addition to any statement of undisputed facts.

4. <u>Exceptions to Page Limitations</u>. The page limitations on memoranda shall apply in all cases. The page limitations on appendices, exhibits and other supporting documents shall not apply to:

   a. The record in:
      i. Bankruptcy appeals
      ii. Cases alleging wrongful denial of ERISA benefits
      iii. Administrative appeals, including, but not limited to Social Security appeals and IDEA appeals
      iv. Any other case involving an appeal from an administrative body in which the Court is required to review the entire record or a substantial portion of the record of the proceeding below.

   b. Discovery documents submitted with a motion to compel discovery to the extent necessary to inform the Court of the requests and responses that were made.

   c. Transcripts of court proceedings submitted in connection with prisoner petitions pursuant to 28 U.S.C. §§ 2241, 2254 and/or § 2255.

   d. Exhibit Lists, Copies of Exhibits, Requested Jury Instructions and any Other Documents Required to be Filed in Connection with Pretrial Memoranda.