UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER<br><br>Plaintiff,<br>v.<br><br>FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown,<br><br>Defendants, | }<br>}<br>}<br>}<br>}<br>} | CIVIL ACTION NO. 05-500T |

**NOTICE OF APPEAL**

Pursuant to LR Cv 72 (c) (1) Shirley Schumacher ("Appellant") appeals Magistrate Judge David L. Martin's Order granting defendants' Fairfield Resorts, Inc. and Core, Inc.'s Joint Motion to strike her Affidavits and Exhibits. In support of her appeal Plaintiff relies on the accompanying memorandum of law.

Appellant Shirley Schumacher
By her Attorneys.

/s/ Keven A. Mckenna
Keven A. McKenna #662
McKenna Law P.C
23 Acorn Street
Providence, RI 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877
(401) 270-3516 FAX

UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHIRLEY SCHUMACHER } | CIVIL ACTION NO. 05-500T |
| Plaintiff, } | |
| v. } | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown, } | |
| Defendants, } | |

MEMORANDUM OF LAW IN SUPPORT OF APPELLANT SHIRLEY SCHUMACHER'S APPEAL TO MAGISTRATE JUDGE DAVID L. MARTIN'S ORDER GRANTING DEFENDANTS' JOINT MOTION TO STRIKE APPELLANT'S AFFIDAVITS AND EXHIBITS.

On October 25, 2006 Magistrate Judge David L. Martin issued an Order ("Magistrate Judge Martin's Order") granting Defendants Fairfield Resorts, Inc. and Core, Inc.'s Joint Motion to Strike Appellant's Affidavits and Exhibits. (A copy of that Order is attached hereto as Exhibit A).

Appellant appeals Magistrate Judge Martin's Order finding that:

1. Appellant's amended version of documents exceeded the page limits set fourth in Appendix A of this Courts Scheduling Order. (A copy of Appendix A is attached hereto as Exhibit B). Appendix A provides in relevant part:

> Appendices, Exhibits and Other Supporting Documents. Except as provided in paragraph 4, appendices, exhibits and any other documents whatsoever, regardless of how they are denominated shall not exceed ten pages in the aggregate; or in the case of a motion for summary judgment, twenty (20) pages in addition to any statement of undisputed facts.

Appellant contends that the limitations stated in Appendix A impose "page" limits upon Appendices, Exhibits, and other Supporting Documents as evidentiary instruments, that

Appendix A imposes page limitations on the number of pages within these evidentiary instruments and imposes no limitations as to the number of affidavits, exhibits and other supporting documents Appellant may submit. Local Rule Cv 7 (d) (3)[1] identifies these evidentiary documents as being subject to the page limitations imposed by Appendix A.

Appellant's revised response to Defendant Fairfield Resorts, Inc. ("Fairfield") Motion for Summary Judgment contains one (1) Affidavit and four (4) Exhibits none of which exceed twenty pages. See Docs. #57-59

Appellant's revised response to Defendant Core, Inc.'s ("Core") Motion for Summary Judgment contains one (1) Affidavit and two (2) Exhibits none of which exceed twenty pages. See Docs. #51

2. Appellant is limited to a total of twenty (20) pages of documentary evidence to oppose Defendants' respective Motions for Summary Judgment. Appellant contends this page limitation is contrary to law. Appellant filed a Statement of Disputed Facts in response to each of the Defendants' respective Motions for Summary Judgment. See Docs. #49, #53. Rule 56 (c) of the Federal Rules of Civil Procedure imposes an obligation on Appellant to support any denied or controverted facts by affidavit or other evidentiary materials. The case of Millar v Houghton, 115 F.3d 348, 350 (5th Cir.1997) holds that Appellant must show, by affidavit, deposition testimony, or otherwise, that a genuine issue of material fact remains for trial. Appellant contends Judge Martin's Order limiting her to twenty (20) pages of documentary evidence restricts her ability to demonstrate the facts that are in dispute.

---

[1] Local Rule Cv 7 (d) (3)(A) provides:
Any request to exceed page limits or to otherwise modify any page and format restrictions for memoranda, appendices and / or exhibits shall be made by motion.

DRI LR Cv 7 (d) (3) (A).

3. Defendants' Joint Motion to Strike Appellants affidavits and exhibits is granted. Appellant contends this finding is clearly erroneous and contrary to law. The case of Pilgrim v. Trustees of Tufts College, 118 F.3d 864 (1st Cir. 1997) holds that motions to strike are directed at "pleadings" only and does not apply to motion papers or supporting affidavits.

For the reasons set fourth above, Appellant respectfully request that Magistrate Judge David L. Martin's Order granting Defendants' Fairfield Resorts, Inc. and Core, Inc.'s Joint Motion to Strike Appellants Affidavits and Exhibits be vacated.

Appellant Shirley Schumacher
By her Attorneys.

/s/ Keven A. Mckenna
Keven A. McKenna #662
McKenna Law P.C
23 Acorn Street
Providence, RI 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877
(401) 270-3516 FAX

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 7th day of November, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

Raymond M. Ripple, Esq.
rripple@eapdlaw.com

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Keven A. McKenna, Esq.
KevenM@MckennaLaw.com

/s/ Michael L. Solitro
Michael L. Solitro