UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER,<br>Plaintiff, | : | |
| v. | : | CA 05-500 T |
| FAIRFIELD RESORTS INC., a foreign corporation doing business in RI, and CORE INC., a foreign corporation doing business in RI; and A, B, C: unknown,<br>Defendants. | : | |

**ORDER**
**GRANTING JOINT MOTION TO STRIKE**

Before the Court is the Joint Motion on Behalf of Fairfield Resorts, Inc. and CORE Inc. to Strike Plaintiff's Affidavits and Exhibits Filed in Support of her Oppositions to Defendants' Motions for Summary Judgment (Document ("Doc.") #60) ("Motion to Strike"). A hearing was held on October 24, 2006.

On August 22, 2006, the Court issued an Order (Doc. #41) ("Order of 8/22/06") striking the exhibits filed by Defendant Fairfield Resorts, Inc. ("Fairfield"), and an affidavit filed by Defendant CORE Inc. ("CORE") (collectively "Defendants") in support of their respective motions for summary judgment. See Order of 8/22/06 at 1. By the Order of 8/22/06, the Court also struck the exhibits attached to Plaintiff Shirley Schumacher's memoranda in support of her objections to Defendants' motions for summary judgment. See id. All of these filings were stricken because the parties had failed to comply with Local Rule Cv 7(d)(2).[1] See id.

---

[1] Local Rule Cv 7(d)(2) provides:

**Page Limits.** The judicial officer to whom a case is assigned

The Order of 8/22/06 permitted the parties to file "amended versions" of the exhibits or affidavit which they had previously filed in connection with the motions for summary judgment, provided such amended filings complied with the page limits set forth in Appendix A of the Scheduling Order - Jury Case (Doc. #12) ("Scheduling Order"). A copy of Appendix A was attached to the Order of 8/22/06. See Order of 8/22/06, Attachment ("Att.") (Appendix A - Page Limits). Appendix A provides in relevant part:

> Appendices, Exhibits and Other Supporting Documents. Except as provided in paragraph 4, appendices, exhibits and any other documents whatsoever, regardless of how they are denominated, shall not exceed ten pages in the aggregate; or in the case of a motion for summary judgment, twenty (20) pages in addition to any statement of undisputed facts.

Id., Att. A.

Defendants complied with the Order of 8/22/06 and filed amended versions of their exhibits and/or affidavits. See Defendant Fairfield Resorts Inc.'s Amended Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment (Doc. #48); Affidavit of Andrew J. Bernstein (Doc. #47) As to each Defendant, the amended version of the document(s) filed did not exceed the twenty page maximum set forth in Appendix A above. However, the amended versions of documents filed by Plaintiff as to each Defendant exceeded the twenty page

---

> may establish page limits for any memoranda, appendices or other supporting documents filed in support of or in opposition to any motion. Before filing or objecting to any motion, counsel shall determine what page limits, if any, have been set by such judicial officer.

DRI LR Cv 7(d)(2).

limit by several times that number.[2] See Docs. #51, #57-59.



Defendants filed the instant Motion to Strike on September 29, 2006. They contend that Plaintiff's amended filings violate both the Order of 8/22/06 and the Scheduling Order (the "Orders"). See Memorandum of Law in Support of Defendants Fairfield Resorts, Inc. and CORE Inc.'s Joint Motion to Strike Plaintiff's Affidavits and Exhibits Filed in Support of her Oppositions to Defendants' Motions for Summary Judgment ("Defendants' Mem.") at 2. Defendants additionally claim that they have been prejudiced as a result. See id.

In opposition to the Motion to Strike, Plaintiff argues that the Orders, in the case of motions for summary judgment, limit the number of pages of any single exhibit to a maximum of twenty but do not otherwise establish a limit on the total number of pages of exhibits relative to such motions. See Memorandum of Law in Support of Plaintiff Shirley Schumacher's Objection to Defendants' Joint Motion to Strike Her Affidavits and Exhibits in Support of Her Opposition to Defendants' Respective Motions for Summary Judgment ("Plaintiff's Mem.") at 3. According to Plaintiff, by amending each of her exhibits and affidavits to twenty pages or less, she complied with the Orders. See id. Plaintiff also contends that limiting her to a total of twenty pages of documentary evidence in a case where there are eleven counts is unduly restrictive and unreasonably limits her ability to adequately support her oppositions to Defendants' motions for summary judgment. See id.

The Court finds Plaintiff's interpretation of the Orders to

---

[2] According to Defendants, "Plaintiff filed approximately one-hundred-and-twenty (120) pages in support of her Opposition." Memorandum of Law in Support of Defendants Fairfield Resorts, Inc. and CORE Inc.'s Joint Motion to Strike Plaintiff's Affidavits and Exhibits Filed in Support of her Oppositions to Defendants' Motions for Summary Judgment at 2.

be both strained and unpersuasive. Under Plaintiff's interpretation, as indicated by her counsel at the October 24, 2006, hearing, a party opposing a motion for summary judgment could file an unlimited number of exhibits so long as no single exhibit exceeded twenty pages. See Tape of 10/24/06 Hearing. Such an interpretation is so liberal that it effectively renders the page limits established by the Orders almost meaningless. The Court declines to interpret the Orders in a manner which would allow this absurd result.

The Court also agrees with Defendants' implicit argument that, since they have complied with the page limits, Plaintiff should also be required to do so. Accordingly, the Motion to Strike is GRANTED.[3]

So ordered.[4]

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 25, 2006

BY ORDER:

Deputy Clerk

---

[3] If Plaintiff appeals this ruling to Chief Judge Torres and the ruling is sustained, this Magistrate Judge recommends that Plaintiff be given another opportunity to file amended responses to the motions for summary judgment which comply with the page limits contained in the Order of 8/22/06 and the Scheduling Order.

[4] If Plaintiff files a timely appeal of this ruling, see DRI LR Cv 72(c)(1), the hearing on the pending motions for summary judgment will be scheduled after Chief Judge Torres has ruled upon the appeal. If Plaintiff does not file a timely appeal, the Court will proceed to schedule a hearing on the pending motions and decide those motions based on the record as it now exists without Plaintiff's exhibits and affidavits.