UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 05-500-T |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown, | : | |
| Defendants. | : | |

**DEFENDANT FAIRFIELD RESORTS, INC.'S OBJECTION TO PLAINTIFF'S APPEAL OF ORDER GRANTING MOTION TO STRIKE**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and LR Cv 72(c) of the Local Rules of this Court, Defendant Fairfield Resorts, Inc. ("Defendant") hereby objects to Plaintiff Shirley Schumacher's appeal of Magistrate Judge David L. Martin's October 25, 2006 Order, which granted Defendant's Motion to Strike. In support of its objection, Defendant relies on the accompanying memorandum of law.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple

EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

Martin W. Aron (*Admitted Pro Hac Vice)*
EDWARDS ANGELL PALMER
& DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel. 973- 376-7700
Telecopy 973-376-3380
maron@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 16th day of November, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Michael L. Solitro, Esq.
MLSolitroEsq@msn.com

Keven A. McKenna, Esq.
KevenM@McKennaLaw.com

/s/ Raymond M. Ripple
Raymond M. Ripple

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-500-T |
| | : | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT FAIRFIELD RESORTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S APPEAL OF ORDER GRANTING MOTION TO STRIKE**

Defendant Fairfield Resorts, Inc. ("Fairfield") submits this Memorandum of Law in support of its Objection to Plaintiff Shirley Schumacher's ("Plaintiff") Appeal of Magistrate Judge David L. Martin's October 25, 2006 Order (the "Order"), which granted Fairfield and Defendant CORE Inc.'s ("CORE") Motion to Strike the exhibits and affidavits filed in support of her Opposition to the defendants' motions for summary judgment. For the reasons that follow, Plaintiff's appeal should be denied.

## I. Background

On September 29, 2006, Fairfield and CORE filed a Joint Motion to Strike the affidavits and exhibits filed by Plaintiff in support of her Opposition to Fairfield and CORE's motions for summary judgment. As the basis for their Motion, Fairfield and CORE argued that Plaintiff submitted documents in support of her Opposition to the defendants' motions for summary judgment, which substantially exceeded the page limits for such filings. According to Chief Judge Torres' Pretrial Order and an August 22, 2006 Order of this Court, the parties are only

permitted to file twenty (20) pages of documentary evidence in support of, or in opposition to, any motion for summary judgment. Indeed, despite the directives of these orders, Plaintiff submitted approximately one-hundred and twenty (120) pages of documentary evidence in support of her oppositions to the motions for summary judgment. On October 25, 2006, Magistrate Judge Martin granted Fairfield and CORE's Motion to Strike.

## II. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure governs appeals of pretrial, non-dispositive orders rendered by a magistrate judge. Rule 72 provides that "the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). "Neither the language of section 636(b)(1)(A) nor its legislative history allocates to the district court the authority to do more than perform a clearly erroneous review of a magistrate judge's order on a nondispositive, pretrial matter." Blinzler v. Marriott Int'l, Inc., 857 F. Supp. 1, 2 (D.R.I. 1994). A finding is clearly erroneous when it is against the clear weight of the evidence, or when the court has "'a definite and firm conviction that a mistake has been committed.'" Id. at 3 (quoting Holmes v. Bateson, 583 F.2d 542, 552 (1st Cir. 1978)).

## III. Argument

Fairfield objects to the Plaintiff's appeal of the Order on the grounds that the Order is not clearly erroneous or contrary to law. In response to the Motion to Strike, and now on appeal, Plaintiff argues that she properly submitted her affidavits and other documentary evidence in support of her Opposition to the Motion for Summary Judgment because *each* affidavit or exhibit was under twenty (20) pages. This position, however, is contrary to both the wording and the

spirit of Chief Judge Torres' Pretrial Order and the Court's August 22, 2006 Order, which limit the total number of pages that may be submitted in support of, or in opposition to, a dispositive motion to twenty (20) pages. Moreover, this interpretation of the Court's orders is not reasonable. As Magistrate Judge Martin held, the Plaintiff's position is "both strained and unpersuasive . . . [because] under Plaintiff's interpretation, as indicated by her counsel at the October 24, 2006, hearing, a party opposing a motion for summary judgment could file an unlimited number of exhibits so long as no single exhibit exceeded twenty pages." (Order at 3 – 4.) This ruling is neither clearly erroneous nor contrary to law.

Additionally, Magistrate Judge Martin's determination that the defendants have been prejudiced by the Plaintiff's excessive filings is neither clearly erroneous nor contrary to law. Fairfield and CORE amended their filings to comply with Chief Judge Torres' Pretrial Order and the August 22, 2006 Order by limiting their documentary evidence to twenty (20) pages or less. There is nothing clearly erroneous about Magistrate Judge Martin's determination that, because the defendants complied with the page limits, the Plaintiff should also be required to comply with the page limits. In order for this Court to find the Order clearly erroneous or contrary to law, it would have to determine that Plaintiff is permitted to file an unlimited number of pages of documentary evidence, while the defendants' filings are limited to twenty (20) pages. Fairfield submits that such a determination would be inconsistent with the previous orders of this Court.

## IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiff's appeal should be denied.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple

EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

Martin W. Aron (*Admitted Pro Hac Vice)*
EDWARDS ANGELL PALMER
& DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel. 973- 376-7700
Telecopy 973-376-3380
maron@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 16th day of November, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Michael L. Solitro, Esq.
MLSolitroEsq@msn.com

Keven A. McKenna, Esq.
KevenM@McKennaLaw.com

/s/ Raymond M. Ripple
Raymond M. Ripple