UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-500-T |
| | : | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT FAIRFIELD RESORTS, INC.'S OPPOSITION TO PLAINTIFF SHIRLEY SCHUMACHER'S MOTION TO AMEND**

Defendant Fairfield Resorts, Inc. ("Fairfield") hereby opposes Plaintiff Shirley Schumacher's ("Plaintiff") Motion to Amend Her Opposition to Fairfield's Motion for Summary Judgment. On November 30, 3006, this Court affirmed the Order of Magistrate Judge Martin striking the affidavits and exhibits filed by Plaintiff in support of her Opposition to Fairfield's Motion for Summary Judgment. As the basis for his Order, Magistrate Judge Martin determined that the Plaintiff's exhibits and affidavits failed to comply with the page limits set forth in Judge Torres' Pretrial Order, as well as an August 22, 2006 Order of the Court.

Plaintiff argues that Fairfield will not be prejudiced if her Motion to Amend is granted because a hearing on the motion for summary judgment has not yet been scheduled, as well as the fact that her failure to comply with Judge Torres' Pretrial Order "was not the result of bad faith or dilatory motive[.]" (Motion to Amend at 3.) While Fairfield does not discredit Plaintiff's counsel's assertion that the excess filings in support of the Opposition were not the result of bad faith, such a position does not alter the fact that, due to the additional filings, Fairfield was compelled to expend additional financial resources objecting to the improper

filings. Moreover, Fairfield has already prepared and filed a Reply Memorandum in response to Plaintiff's Opposition. If Plaintiff's Motion to Amend her Opposition is granted, Fairfield will have to duplicate its efforts and expend additional financial resources to respond again to Plaintiff's Opposition. Accordingly, Fairfield requests that Plaintiff's Motion to Amend be denied. Alternatively, in the event that the Motion to Amend is granted, Fairfield respectfully requests that Plaintiff be ordered to pay the reasonable attorneys' fees that Fairfield would incur in filing a new Reply Memorandum.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

Martin W. Aron (*Admitted Pro Hac Vice)*
EDWARDS ANGELL PALMER
& DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel. 973- 376-7700
Telecopy 973-376-3380
maron@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 19th day of December, 2006 and is available for viewing and downloading to the ECF registered counsel of record:

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Michael L. Solitro, Esq.
MLSolitroEsq@msn.com

Keven A. McKenna, Esq.
KevenM@McKennaLaw.com

/s/ Raymond M. Ripple
Raymond M. Ripple