UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

SHIRLEY SCHUMACHER

Plaintiff,

v.

FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI; and A,B,C: Unknown,

Defendants,

CIVIL ACTION NO. 05-500T

**SECOND AMENDED STATEMENT OF DISPUTED MATERIAL FACTS IN OPOSITION TO DEFENDANT FAIRFIELD RESORTS INC.'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56, Plaintiff Shirley Schumacher ("Schumacher") submits the following Statement of Disputed Material Facts in support of her Objection to Defendant Fairfield Resorts, Inc. ("Fairfield") Motion for Summary Judgment.

1. Schumacher denies the allegation in paragraph 7 of Fairfield's Statement of Undisputed Facts ("Fairfield's Statement") and states that she did have a written employment contract with Fairfield. (Deposition of Shirley Schumacher ("Schumacher Deposition"), p. 32; (Affidavit of Shirley Schumacher ("Schumacher Affidavit") ¶ 3; attached hereto as Exhibit A)

2. Schumacher denies the alleged facts in paragraph 1 0 of Fairfield's Statement and states that she did not receive any training concerning personnel policies. (Schumacher Deposition, pp. 38,39)

3. Schumacher denies the alleged facts in paragraph 1 1 of Fairfield's Statement and states that she did not call the hot line because it didn't work. She had called it once and no one had called her back. In addition, she had advised people working for her to call the hotline. They came back and told her it didn't work (Schumacher Deposition, p. 47.)

4. Schumacher denies the alleged facts in paragraph 13 of Fairfield's Statement and denies seeing employment policies and laws posted on a bulletin board at Fairfield. (Schumacher Deposition, p. 49)

5. Schumacher denies the alleged facts in paragraph 15 of Fairfield's Statement and states she complained to fellow employees that her supervisor Mr. Hutnick ('Hutnick") had referred to her as an old cunt and bitch. (Schumacher Deposition, p. 88; Schumacher Affidavit, ¶ 4 Exhibit, 2)

6. Schumacher denies the alleged facts in paragraph 16 of Fairfield's Statement and states that the notice of Corrective Action dated June 14, 2002 contains corrections initialed by its' author John Thomas, Vice-President of Sales. The corrections were made after Mr. Thomas discovered that there were no violations of company policy and that the facts that the Corrective Action was based upon were false. (Schumacher Deposition pp. 61-62; Schumacher Affidavit, ¶ 6, Exhibit, 4)

7. Schumacher denies the allegation in paragraph 17 of Fairfield's Statement and states that the notice of Corrective Action dated August 15, 2002 was based upon inaccurate figures. (Schumacher Deposition p. 65)

8. Schumacher denies the alleged facts in paragraph 18 of Fairfield's Statement and states she did not admit that she knew she could be the subject of a third Notice of Correction or that her employment could be terminated. (Schumacher Deposition, p.65.)

9. Schumacher denies the allegation in paragraph 27 of Fairfield's Statement that the Discovery and Exit program were a different program. She states that they were the same program only the name had changed. (Schumacher Deposition, p.43.)

10. Schumacher denies the alleged facts in paragraph 29 of Fairfield's Statement and states when questioned by Hutnick concerning the matter she denied saying anything that would instigate a dispute.

11. Schumacher denies the alleged facts in paragraph 31 of Fairfield's Statement and states that she was a good manager with excellent work habits and that the Exit program was a terrible program. (Schumacher Deposition, pp. 78 -79).

12. Schumacher denies the alleged facts in paragraph 32 of Fairfield's Statement and states she did not determine that Wisconsin Dells did not have an Exit Program and denies that she called her supervisor a liar. (Schumacher Deposition, p. 85)

13. Schumacher denies the allegation in paragraph 34 of Fairfield's Statement and states she complained to fellow employees that her supervisor Mr. Hutnick had referred to her as an old cunt and bitch. (Schumacher Deposition, p. 88; Schumacher Affidavit, ¶ 4 Exhibit, 2)

14. Schumacher denies the allegation in paragraph 35 of Fairfield's Statement and states she knew that she was demoted before going on leave. (Schumacher Deposition, p. 106.)

15. Schumacher denies the alleged facts in paragraph 42 of Fairfield's Statement and states she did provide medical documentation to Fairfield through her Physician Dr Gloor. (Deposition of Dr. James D. Gloor); ("Gloor Deposition"), pp. 28,34-35). (Schumacher Deposition, pp. 97-99); (Schumacher Affidavit, ¶¶ 17, 18, Exhibits, 10, 1 1)

16. Schumacher denies the allegation in paragraph 43 of Fairfield's Statement and states that Fairfield did contact her by telephone on March 30, 2004. (Schumacher Affidavit, ¶ 9, Exhibit 7)

17. Schumacher denies the allegation in paragraph 44 of Fairfield's Statement and states she did provide proper documentation to support her request for FMLA leave. (Schumacher

Deposition, pp. 97-99); (Dr. Gloor Deposition, pp. 28, 34-35); (Schumacher Affidavit, ¶¶ 17,18, Exhibits, 1 0, 1 1).

18. Schumacher denies the allegation in paragraph 50 of Fairfield's Statement and states that she did not seek employment because she had been fired and that she would be blackballed. She believed that her termination and her age would interfere with her ability to obtain other employment. Consequently, she was forced into retirement. (Schumacher Deposition, pp. 12, 15)

19. Schumacher denies the allegation in paragraph 52 of Fairfield's Statement that there were many managers in there 60's and 70's at the Newport facility. (Schumacher Affidavit, ¶ 2, Exhibit 1).

20. Schumacher denies the allegation in paragraph 54 of Fairfield's Statement and states that she did offer evidence that she had an employment contract with Fairfield. (Schumacher Deposition, p. 32)

21. Schumacher denies the allegations in paragraph 57 of Fairfield's Statement and states that Core did not communicate with her concerning her leave status or that her leave had not been approved. (Schumacher Affidavit, ¶ 20 Exhibit. 13)

22. Schumacher denies the allegations in paragraph 59 of Fairfield's Statement and states that she advised Core on February 26, 2004 that she was not making application for short - term disability through Core but instead elected to receive Temporary Disability Insurance ("TDI") through her policy provided by the State of Rhode Island. (Schumacher Deposition, pp. 130-13 1; Schumacher Affidavit, ¶ 20 Exhibit. 13)

Plaintiff Shirley Schumacher
By her Attorneys

/s/ Keven A. McKenna
Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *(Admitted Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2007 a copy of the within was served by ECF on the following counsel of record;

Raymond M. Ripple, Esq.
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Brooks Magratten, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

Timothy Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Michael L. Solitro