UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

SHIRLEY SCHUMACHER

Plaintiff,

CIVIL ACTION NO. 05-500T

v.

FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown,

Defendants,

**PLAINTIFF SHIRLEY SCHUMACHER'S SECOND AMENDED OBJECTION TO CORE, INC.'S MOTION FOR SUMMARY JUDGEMENT**

Shirley Schumacher ("Schumacher"), through counsel hereby objects to the Motion for Summary Judgment filed by Core, Inc. (" Core"), in its entirety in that there are material facts in dispute that would deny a summary judgment motion as a mixed question of fact and law. In support hereof, Schumacher submits the accompanying Memorandum of Law and the accompanying Statement of Disputed Material Facts with Appendix of Exhibits.

Plaintiff Shirley Schumacher
by her Attorneys

/s/ Keven A. McKenna
Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro (Pro Hac Vice)
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877
Fax-(401) 270-3516

**CERTIFICATE OF SERVICE**

I the undersigned, hereby certify that on the 26th day of January, 2007 a copy of the within was served by ECF on the following counsel of record:

Raymond M. Ripple, Esq.
Edwards Angel Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Timothy M. Bliss, Esq. Brooks
Magratten, Esq. Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Michael L. Solitro

UNITED STATES DICTRICT
COURT

| | |
|---|---|
| SHIRLEY SCHUMACHER<br><br>Plaintiff,<br>v.<br><br>FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI; and A.B.C: Unknown,<br><br>Defendants, | CIVIL ACTION NO. 05-500T |

# MEMORANDUM OF SHIRLEY SCHUMACHER IN SUPPORT OF HER SECOND AMENDED OBJECTION TO CORE, INC.'S MOTION FOR SUMMARRY JUDGMENT

Plaintiff Shirley Schumacher ("Schumacher") submits this Memorandum of Law in support of her objection to Core, Inc.'s ("Core") Motion for Summary Judgment. Schumacher's Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, on the basis of her sex; The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §62 1, *et seq.*, the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et* seq.; the Rhode Island Fair Employment Practices Act ("FEPA"), R.I. Gen. Laws § 28-5-1, *et* seq., the Rhode Island Civil Rights Act ("RICRA"), R.I. Gen. Laws § 42- 112- 1, *et* seq., on the basis of her sex and her age; violation of the Rhode Island Parental and Family Medical Leave Act ("RIPFMLA"), R.I. Gen. Laws § 28-48-2, *et seq.;* breach of contract; estoppel; and retaliation in violation of public policy, Title VII and the FMLA.

## 'SUMMARY OF FACTS

Plaintiff Shirley Schumacher ("Schumacher") was employed at Fairfield Resorts or its predecessor for approximately five and one half years. At the time of her termination she was sixty-three years old. (Schumacher Amended Complaint ("Complaint") at ¶ 5,)

Schumacher complained to Fairfield employees Lemlar and Coppa that her supervisor Joseph Hutnick ("Hutnick") had called her a "cunt" and"bitch" Both Lemlar and Coppa reported to Hutnick what Schumacher had told them. (Deposition of Shirley Schumacher ("Schumacher Deposition"), p.88 attached hereto as Exhibit B) Before Schumacher left for her scheduled vacation Hutnick told her that when she returned that she would no longer be manager. (Schumacher Deposition, p. 106) Schumacher went to Florida for vacation but was unable to relax and became more depressed over the demeaning incidents with Hutnick. Consequently, she quit her vacation early and returned to Rhode Island where she sought the care of her physician Dr. James D. Gloor.

Dr. Gloor began treating Schumacher for stress that she contributed to her hostile work environment. (Deposition of Dr. James D. Gloor ("Gloor Deposition") pp 9 - 13. Dr. Gloor provided Schumacher with a disability certificate indicating that she could not work from February 11, 2004 through April 11, 2004. (Exhibit A, Schumacher Affidavit ("Affidavit" ¶ 3 Exhibit, 2)

Schumacher provided this Disability Certificate to her employer Fairfield Resorts, Inc ("Fairfield"). (Exhibit A, Schumacher Affidavit, ¶ 3 ) She also contacted Jan Weber, Leave and Disability Coordinator at Fairfield to notify her that she would be

---

[1] The following facts are drawn from the Statement of Disputed material Facts submitted by Schumacher pursuant to Local Rule 56, and the Appendix of Exhibits submitted therewith.

requiring a leave of absence. ( Schumacher Deposition, p. 97) Fairfield placed Schumacher on leave as of February 11, 2004 (Exhibit A, Schumacher Affidavit, ¶ 4, Exhibit 3)

Core in a letter dated February 25, 2004 advised Schumacher that her medical leave entitlements would run concurrently with any approved disability absence. That if her Short term disability was denied she would have seven (7) days to provide her medical Certification. (Affidavit, ¶ 5, Exhibit 4)

On February 26, 2004 Schumacher contacted Core, Inc. ("Core") to tell it that she was not making application to Core for short term -disability that she had elected instead to receive Temporary Disability Insurance ("TDI") through the policy provided by the State of Rhode Island because she would receive more money. (Schumacher Deposition, pp. 130-131); (Affidavit, ¶ 6, Exhibit 5)

Schumacher had no further contact with Core until she contacted it on April 30, 2004, (Affidavit, ¶ 9, exhibit 5) that it was Fairfield and not Core who notified her that her FMLA leave had been denied. (Affidavit, ¶1 1, Exhibit 7)

On May 6, 2004 Schumacher contacted Core by telephone to appeal her denial and was advised of the appeal process. (Affidavit,¶ 12, Exhibit 5) Schumacher submitted her appeal to Core. (Affidavit, ¶ 13 Exhibit 8) It was denied because it was due April 26. 2004 and therefore out of time. (Schumacher Affidavit, ¶ 14, Exhibit 9)

## 1. ISSUES

1. Whether Core is within the scope of the FMLA definition of employer?
2. Whether Core interfered with Schumacher's FMLA entitlement?
3. Whether Summary Judgment is appropriate in this case?

## ARGUMENT

### Schumacher Can Establish that Core is an employer for purposes of the FMLA

Schumacher is pursuing her Employment Discrimination and Family Medical Leave claims under both the burden- shifting method of proof outlined in McDonnell-Douglas v. Green, 411 U.S. 792 (1973), Texas Dep't of Comm. Affairs v. **Burdine, 450 U.S. 248 (1981)** and the mixed-motive analysis standards articulated in Price Water House v. Hopkins, 490 U.S. 228 (1989), Desert Palace v. Costa, 590 U.S. 90 (2003). The Plaintiff may elect to proceed simultaneously on both fronts and the trial court, at the appropriate time in the litigation, will channel the case into one format or the other Fernandez v. Costa Bros. Masonry, Inc., 199 F.3d 572, 581 (1st. Cir. 1999).

Fairfield retained Core as its agent to evaluate request by employees for benefits under the Family Medical leave Act ("FMLA") and the Rhode Island Parental and Family medical leave Act. ("PFMLA") (Memorandum in Support of Core's Motion for Summary Judgment ("Memorandum") at 5) Core is within the scope of the FMLA definition of employer because it acted in the interest of Fairfield. See 29U. S.C. § 2611 (4) (A)(ii)(I) (defining the term "employer" to include" any person who acts, directly or indirectly, in the interest of an employer.

### Core interfered with Schmacher's FMLA and PFMLA entitlement

Core argues that it properly denied Schumacher's FMLA entitlement based on her failure to submit a completed FMLA Medical Certification Form. (Memorandum at 1 1)
That therefore, Schumacher cannot establish a prima facie claim of interference because she failed to show that she was entitled to FMLA leave (Memorandum at 13).

Core interfered with Schumacher's FMLA and PFMLA entitlements in two ways. First, by informing Fairfield that it had denied her application for FMLA protected leave and secondly, denying her appeal. Schumacher

Schumacher justifiably believed that Fairfield was processing her FMLA application based upon Fairfield's statements and conduct. The notice to Schumacher from Core made in it's letter of February 25, **2004 did** little to explain what exactly Schumacher was required to do regarding her FMLA leave since she did not make application for short term benefits to Core and therefore her application for Short-Term disability benefits was not denied. Schumacher's contact with Core on February 26,2004 did nothing to clarify what was required of Schumacher and she heard nothing more from Core. Subsequent to Schumacher's call to Core all the signals Schumacher received regarding her FMLA leave came from Fairfield not from Core. Schumacher had no further contact with Core until she contacted it on April 30, 2004 concerning her denial of FMLA leave and termination by Fairfield.

Core and Fairfield provided no information to Schumacher to suggest that she would be subject to termination and denied her FMLA entitlement if she did not make application for FMLA leave to Core. Moreover, Fairfield did and said nothing to suggest to Schumacher that by cooperating with Fairfield regarding her FMLA application she would be jeopardizing h er entitlement to FMLA protected leave and subject to termination. Core and Fairfield cannot now justify denying Schumacher her FMLA entitlement and terminating her employment for failing to make application for FMLA leave and not providi ng Medical Certification to Core. Fairfield acknowledged Schumacher's application for FMLA leave, provided her with the Medical Certification Forms to make her application and directed Schumacher to return these forms back to Fairfield.

"An employer who by his silence misled an employee concerning the employee's entitlement to family leave might, if the employee reasonably relied and was harmed as a result, be estopped to plead the defense of ineligibility to the employee's claim of entitlement to family leave. Dormeyer v. Comerica Bank-Illinois, 223 F.3d 579, 582 (7th Cir. 2000)

Here, Core did not notify Schumacher that her FMLA leave entitlement had been denied because it mailed the April 20, 2004 letter to the wrong address. (Affidavit, ¶1 1, Exhibit 6) Schumacher submitted an appeal (Affidavit, exhibit 8) her appeal was denied because it was not submitted within the time frame designated in the letter of denial that she did not receive. (Affidavit, ¶ 15, Exhibit 9) Core's actions denied Schumacher a fair opportunity to have her appeal objectively reviewed and thereby interfered with her FMLA and PFMLA entitlement.

## SUMMARY JUDGMENT SHOULD BE DENIED IN THIS CASE

Schumacher has shown there are genuine issues of material facts in dispute that would preclude summary judgment.

## Conclusion

For the foregoing reasons Core's request for summary judgment should be denied.

Respectfully submitted,

Plaintiff Shirley Schumacher
By her Attorneys

/s/ Keven A. McKenna
Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro (Pro Hac Vice)
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-0877

CERTIFICATE OF SERVICE

I the undersigned, hereby certify that on the 26TH day of January 2007, a copy of the within was Served by ECF on the following counsel of record;

Raymond M. Ripple, Esq.
Edwards Angel Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Brooks Magratten,Esq.
Timothy M. Bliss,Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Michael L. Solitro