UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

SHIRLEY SCHUMACHER }
CIVIL ACTION No. 05-500T
Plaintiff, }
v.
}
FAIRFIELD RESORTS INC., a foreign
Corporation doing business in RI and }
CORE INC., a foreign Corporation doing
Business in RI ; and A,B,C: Unknown, }

Defendants, }

# PLAINTIFF SHIRLEY SCHUMACHER'S MOTION TO MODIFY THE COURTS SCHEDULING ORDER AND GRANT HER LEAVE TO AMEND HER FIRST AMENDED COMPLAINT

Plaintiff Shirley Schumacher ("Schumacher") through counsel moves that the Court Pursuant to Fed. R. Civ. P.16 (b) and Fed. R. Civ. P.15 (a) modify its Scheduling Order of March 1, 2006, and grant Schumacher leave to amend her First Amended Complaint to include a violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and particularly Section 510 (29 U.S.C. Section 1140).

Plaintiff Shirley Schumacher
By her Attorneys

/s/ Keven A. McKenna
Keven A. McKenna#662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-7914
Fax- (401) 270-3516

UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

SHIRLEY SCHUMACHER

CIVIL ACTION No. 05-500T

Plaintiff,

v.

FAIRFIELD RESORTS INC., a foreign
Corporation doing business in UNITED
STATES DICTRICT COURT
RI and CORE INC., a foreign
Corporation doing Business in RI; and
A.B.C: Unknown,

Defendants,

**MEMORANDUM OF PLAINTIFF SHIRLEY SCHUMACHER IN SUPPORT OF HER MOTION TO MODIFY THE COURTS SCHEDULING ORDER AND GRANT HER LEAVE TO AMEND HER FIRST AMENDED COMPLAINT**

Plaintiff Shirley Schumacher ("Schumacher") submits this Memorandum of Law in support of her Motion to modify this Court' Scheduling Order of March 1, 2006. Schumacher seeks leave to amend her First Amended Complaint to include a violation of the Employee Retirement Income Security Act (ERISA"), 29 U.S.C. § 1001 *et seq.,* and particularly Section 510 (29 U.S.C. Section 1140), Schumacher request leave to amend Count Seven of her First Amended Complaint asserting a Public Policy violation to assert an ERISA interference claim. (Proposed amendments to the First Amended Complaint are appended hereto as Exhibit, 1)

Schumacher's request to modify the Courts Scheduling Order and amend her First Amended Complaint is not willful or made in bad faith. Schumacher had submitted interrogatories to Fairfield requesting that it identify all fringe benefits she would have been entitled to on the day before and day after her termination from employment and to produce all documents that

describe, discuss or define any fringe benefits to which she would have been entitled on the day before and day after her termination. (Plaintiff's interrogatory requests No's. 21 and 22 appended hereto as Exhibit, 2)

Fairfield's response to these interrogatories did not identify any benefits or produce any documents that would indicate that it maintained a long-term disability benefit plan for Schumacher before or after her termination. (Fairfield's responses to interrogatory request No's. 21 and 22 appended hereto as Exhibit, 3)

While preparing her second amended response in opposition to Fairfield's Motion for Summary Judgment Schumacher subsequently discovered she had a right to long-term disability benefits provided by Fairfield to its employees. (Fairfield Policy Manual, Bates Numbered FFR-000127 appended hereto as Exhibit, 4)

Schumacher submits that this long-term disability benefit provided by Fairfield is a benefit plan within the meaning of 29 U.S.C. § 1002 (3) and 29 U.S.C. Section 1140, that her termination by Fairfield was pretextual and purposefully interfered with a right to disability insurance benefits and other health benefits. That the ERISA claim is a related action that arises from the same transactions and occurrences contained in her First Amended Complaint and therefore would not prejudice or surprise the defendants. Moreover, since a hearing has yet to be held on defendants' Motions for Summary Judgment, any prejudice that may result from the Court granting leave to amend could be cured by defendants.

Schumacher's Motion to Amend the First Amended Complaint is not the result of undue delay, bad faith or dilatory motive, the newly discovered facts and theories the motion seeks to

introduce are necessary to enable Schumacher to establish her cause of action against the Defendants and will achieve the ends of justice.

Plaintiff Shirley Schumacher
By her Attorneys

/s/ Keven A. McKenna
Keven A. McKenna #662
McKenna Law, PC
23 Acorn Street
Providence, Rhode Island
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *(Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-7914
Fax- (401) 270-3516

**CERTIFICATE OF SERVICE**

I the undersigned hereby certify that on the 12th day of February, 2007 a copy of the within was served by ECF on the following counsel of record:

Raymond M. Ripple, Esq.
Edwards Angel Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903

Timothy M. Bliss, Esq. Brooks
Magratten, Esq. Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Michael L. Solitro