UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | } | CIVIL ACTION NO. 05-500T |
| Plaintiff, | } | |
| v. | } | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown, | } | EXHIBIT 1 |
| Defendants. | } | |

SECOUND AMMENDED COMPLAINT

Plaintiff Shirley Schumacher, by her attorneys Keven A. McKenna and Michael L. Solitro for her complaint against the Defendants respectfully shows the Court and alleges as follows:

NATURE OF ACTION

1. This is an action to redress the deprivation of rights secured to the Plaintiff by Title VII of the Civil Rights Act of 1964, 42 USCS §§ 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act, as amended 29 U.S.C, §§ 621 et seq. ("ADEA"), and the Family And Medical Leave Act of 1993, ("FMLA"), 29 S.C. §§2601 et seq. and the Rhode Island Fair Employment Practices Act (R.I.G.L. §§ 28-5-1, et seq.) and the Rhode Island Civil Rights Act of 1990 (R.I.G.L. §§ 42-112-1, et seq.), and the Rhode Island Parental And Medical Leave Act.(R.I.G.L. §§ 28-48-2, et seq.) and the Employee Retirement Income Security Act (ERISA"), 29 U.S.C. § 1001 *et seq.*, particularly Section 510 (29 U.S.C. Section 1140).

COUNT SEVEN

37. Plaintiff repeats and realleges the allegations numbered in paragraphs numbered “1” through “16” of this complaint with the same force and effect as if fully set fourth herein.

38. Plaintiff’s’ termination was pretextual, defendants’ purposefully interfered with the plaintiff’s right to continued health benefits under defendants employee benefit plan and disability insurance benefits under defendant’s disability insurance plan, thereby causing plaintiff to lose a right to disability insurance compensation and other fringe benefits of employment.

39. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant’s purposeful discriminatory practices unless and until this Court grants relief.

COUNT EIGHT

40. Plaintiff repeats and realleges the allegations numbered in paragraphs“1” through “16” of this complaint with the same force and effect as if fully set fourth herein.

41. Defendant’s wrongful acts constitute negligence and reckless conduct toward the plaintiff, that such acts constitute a breach of the express and implied terms and conditions of the understanding and agreement between the defendant’s and the plaintiff as employer and employee.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

# EXHIBIT 2

to return to work by her physician. Therefore, even if Fairfield could calculate the compensation Plaintiff would have received, the date on which to commence that calculation is unknown.

Without waiving the foregoing objection, Fairfield has produced Plaintiff's personnel file which contains information regarding her earnings and other benefits to which she was entitled.

**Interrogatory and Document Request No. 21:**

Please describe all fringe benefits to which Plaintiff was entitled as your employee and produce all documents that describe, discuss or define any fringe benefits to which Plaintiff was entitled on the day before the date of termination of Plaintiff's employment with you.

**Response to Interrogatory and Document Request No. 21:**

Please see response to discovery request No. 1.

**Interrogatory and Document Request No. 22:**

Please describe all fringe benefits to which Plaintiff would be entitled if Plaintiff remained employed with you from March 30, 2004 onward and produce all documents that describe, discuss or define any such fringe benefits to which Plaintiff would be entitled.

**Response to Interrogatory and Document Request No. 22:**

Please see response to discovery request No. 1.

**Interrogatory and Document Request No. 23:**

Do you maintain a policy of insurance under which an insurer may be liable to pay part or all of a judgment that may be entered, whether through direct payment, indemnity or reimbursement? If the answer is "yes," identify the insurance carrier and state the monetary amount of your liability coverage.

# EXHIBIT 3

7. The format of Plaintiff's Interrogatories and Document Requests do not comply with the Federal Rules of Civil Procedure. The Plaintiff's discovery requests imply that every Interrogatory is also Document Request. Such an implication is inaccurate and puts Fairfield at a disadvantage in attempting to determine whether or not a request calls for documents in addition to an interrogatory response.

8. Fairfield reserves the right to supplement and amend all responses as further information becomes available during the course of discovery and investigation

**Interrogatory and Document Request No. 1:**

Please produce a copy of Plaintiff's personnel file (as that term is defined in paragraph 7 of (instruction and definitions) if any documents composing a portion of Plaintiff's personnel record have already been produced, please identify such documents.

**Response to Interrogatory and Document Request No. 1:**

Please see documents Bates numbered FFR-000309 – FFR-000392.

**Interrogatory and Document Request No. 2:**

Has Plaintiff or any person on behalf of Plaintiff, ever requested a copy of her personnel record relating to employment with you? If answer is "yes," please state:

(a) Date upon which request was received.
(b) Whether a copy of the personnel record was provided, and if so, the date of production, the manner in which the copy was provided, and identification of documents provided;
(c) Whether any material was added to the personnel record following receipt of Plaintiff's request; and
(d) Whether any material was deleted from the personnel record following receipt of Plaintiff's request.

**EXHIBIT 4**

# 303 LEAVE OF ABSENCE (LOA) *(CONTINUED)*

CONFIDENTIAL

***WHAT ARE THE VARIOUS LEAVE OF ABSENCE TYPES?***

**Medical Leave of Absence**

*General Considerations*. A Medical LOA is used for a temporary absence due to the employee's own Serious Health Condition — illness, accident or pregnancy. A Medical Leave is counted toward the employee's FMLA entitlement to the fullest extent permitted under applicable state and federal law. Employees on a Medical LOA may be eligible for income replacement either through Cendant's Disability Plans or through Workers' Compensation, depending upon the cause of the injury or condition.

Cendant is committed to the philosophy of early return to work. Cendant will work closely with the Health Care Provider to assure the employee's safe return to work, when the employee is able to perform the essential functions of the job, with or without reasonable accommodation.

Up to 12 weeks of FMLA protection is available upon the occurrence of a Serious Health Condition, as defined in Appendix B at the end of this policy. Except as otherwise provided by law, the length of an approved Medical LOA is determined by the length of time the employee is declared incapacitated and unable to perform the essential functions of his or her job.

A Health Care Provider's certification must be included with any request to extend or modify a Medical LOA. Cendant retains the right to verify the certification or request an employee to undergo a medical examination by a Cendant-approved Health Care Provider at Cendant's expense. Such medical examinations may be requested prior to an LOA, or before the employee returns from leave. Failure to provide medical certification may result in a delay of the approval of the leave. However, upon approval, all days taken during the leave shall be counted toward the employee's FMLA (and state law, if applicable) entitlement to the fullest extent permitted.

Employees will be returned to work upon the receipt of a Health Care Provider's release-to-return-to-work indicating that the employee is able to perform the essential functions of the position and outlining any limitations in performing the duties of position, for which the Company will consider whether accommodation is appropriate in accordance with applicable law. An employee will not be able to return to active working status without a written release from his/her physician.

Employees are required to contact their supervisor and/or their Human Resources Representative at least every 30 days regarding their leave status (and some leaves may require more frequent contact).

a. *Disability Benefits*. Short Term Disability ("STD") Benefits may be available for a period of UP TO 26 weeks for employees who suffer from a non-work related injury, illness or condition. Thereafter, the employee may apply for Long Term Disability Benefits. An employee may apply for Disability benefits after seven (7) consecutive calendar days of illness. PTO time may be used at the employee's election during the elimination period. For more information on STD, refer to the Cendant Benefits Summary Plan Description.