UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-500-T |
| | ) | |
| FAIRFIELD RESORTS, INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS JOINT OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND GRANT LEAVE TO AMEND HER AMENDED COMPLAINT**

Defendants Fairfield Resorts, Inc. ("Fairfield") and CORE, Inc. ("CORE") hereby oppose Plaintiff Shirley Schumacher's ("Plaintiff") Motion to Modify the Court's Scheduling Order and Grant Her Leave to Amend Her First Amended Complaint ("Motion to Modify"). In support of their Opposition, Fairfield and CORE submit the accompanying Memorandum of Law.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple
Martin W. Aron (*Admitted Pro Hac Vice)*
Edwards Angell Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 376-7700
(973) 376-3380 (Fax)
maron@eapdlaw.com

CORE, INC.

By its Attorneys,

/s/ Timothy M. Bliss
Brooks R. Magratten (#3585)
Timothy M. Bliss (#6228)
Vetter & White
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (Fax)
bmagratten@vetterandwhite.com
tbliss@vetterandwhite.com

Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 28th day of February, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

Brooks Magratten, Esq.
Timothy Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Raymond M. Ripple
Raymond M. Ripple

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS, INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-500-T |

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER AND GRANT LEAVE TO AMEND HER AMENDED COMPLAINT**

Defendants Fairfield Resorts, Inc. ("Fairfield") and CORE, Inc. ("CORE") submit this Memorandum of Law in support of their Joint Opposition to Plaintiff Shirley Schumacher's ("Plaintiff") Motion to Modify the Court's Scheduling Order and Grant Leave to Amend Her Amended Complaint ("Motion to Modify"). Plaintiff's Motion to Modify seeks permission to file a third complaint in this action for the purpose of adding an ERISA interference claim under 29 U.S.C. § 1140. It is undeniable, however, that since at least May *2005*, Plaintiff has had possession of the document which she cites as the newly discovered evidence that would justify amending the amended complaint. Indeed, this document has been produced to her at least two other times, once in May 2006 and again as part of Fairfield's Motion for Summary Judgment in July 2006. Plaintiff has been dilatory in the prosecution of her case. For that reason, and because allowing the amendment would be unfairly prejudicial, the defendants respectfully oppose Plaintiff's Motion to Modify.

Fairfield and CORE further oppose the Motion to Modify, to the extent that the Plaintiff intends the Motion to Modify to serve as a motion to amend the complaint, on the grounds that the Court's Scheduling Order prohibits the filing of a motion to amend after the close of discovery, without first obtaining a modification of the Scheduling Order, which she has not done. Consequently, for the reasons set forth more fully below, Plaintiff's Motion to Modify must be denied.

**Background**

On September 22, 2004, Plaintiff, a former employee of Fairfield, filed a Charge of Discrimination ("Charge") with the Rhode Island Commission on Human Rights ("RICHR") alleging sex, age and disability discrimination. After Fairfield's initial response, the RICHR asked for further information. On May 27, 2005, Fairfield provided the RICHR with the requested information, including a copy of its Leave of Absence policy, and served the response on Plaintiff's counsel. (A copy of this letter, along with the UPS shipping confirmation receipt addressed to Plaintiff's previous counsel of record, is attached hereto as Exhibit A). On June 24, 2005, the RICHR issued a Right to Sue letter to Plaintiff.

Plaintiff initiated this lawsuit on September 19, 2005 against Fairfield and CORE, the administrator of Fairfield's benefit plans, alleging violations of the Family Medical Leave Act ("FMLA"), Title VII, the Rhode Island Fair Employment Practices Act, R.I. Gen. Laws § 28-5-1 et seq., and the Rhode Island Civil Rights Act, R.I. Gen. Laws, 42-112-1 et seq., when Fairfield terminated her employment on April 21, 2004. On March 10, 2006, this Court granted Plaintiff's motion to amend the original complaint to add a retaliation claim under Title VII and the FMLA. In addition to propounding written discovery in this case, the defendants have deposed the

Plaintiff and the Plaintiff's treating physician, Dr. James Gloor, M.D. The Plaintiff propounded written discovery, but did not take any depositions in this case.

Pursuant to the Court's Scheduling Order entered in this case, discovery closed on June 15, 2006. On May 9, 2006, five weeks earlier, Fairfield provided Plaintiff with another copy of its Leave of Absence policy in response to a discovery request. On July 17, 2006, Fairfield and CORE filed their respective motions for summary judgment. Fairfield's Leave of Absence policy was attached as Exhibit 4, to the Affidavit of Walter Carey, which was submitted in support of Fairfield's Statement of Undisputed Facts. On August 10, 2006, Plaintiff filed her oppositions to the defendants' motions for summary judgment. Her opposition did not include a copy of the Leave of Absence Policy.

The Court subsequently ordered that the exhibits of all parties, both in support of and in opposition to the motions for summary judgment, be stricken for violation of the page limits set forth in the Court's Scheduling Order. The Court allowed the parties to submit amended pleadings and exhibits that comply with the Scheduling Order. Plaintiff and CORE subsequently filed pleadings and exhibits that complied with the Scheduling Order, but Plaintiff again filed exhibits that exceeded the number of permitted exhibits. On September 28, 2006, Fairfield and CORE filed a joint motion to strike the Plaintiff's exhibits, which was granted by Magistrate Judge Martin on October 25, 2006. The magistrate's order was affirmed on December 7, 2006, but Plaintiff was later granted leave to submit a second amended opposition to the motion for summary judgment. Plaintiff alleges in her Motion to Modify that it was while her counsel trimmed her exhibits, exhibits which did *not* include the Leave of Absence policy, counsel discovered the Leave of Absence Policy that she uses as the basis of her ERISA interference

claim. The defendants' motions for summary judgment are currently scheduled for hearing on March 19, 2007.

## Argument

Defendants submit that Plaintiff's Motion to Modify should be denied because of the Plaintiff's undue delay and dilatory conduct in asserting the proposed ERISA claim.[1] See, e.g., Grant v. News Group Boston, Inc., 55 F.3d 1, 5 – 6 (1st Cir. 1995) (denying a motion to amend complaint following fifteen month delay in asserting claim and after discovery had closed in the case); Harvey v. Snow, 281 F. Supp. 2d 376, 380 (D.R.I. 2003). In Acosta, the First Circuit held that a district court may deny a motion to amend, so long as "the record evinces an arguably adequate basis for the court's decision (e.g., futility, bad faith, undue delay, or a dilatory motive on the movant's part").

There is far more than an "adequate basis" for denying Plaintiff's Motion to Modify. Plaintiff alleges that the basis for her late request to amend the complaint stems from counsel's discovery in preparation of the second amended opposition to the motions for summary judgment that Plaintiff may have a basis for an ERISA interference claim. (Plaintiff's Motion to Modify at 3). To support this contention, Plaintiff relies on a Fairfield's Leave of Absence Policy which references long-term disability benefits. (Plaintiff's Opposition at Exhibit 4). Plaintiff, however, has possessed this document for at least twenty (20) months as seen by Exhibit A attached hereto. Fairfield's May 27, 2005 letter included a copy of the very document Plaintiff claims is newly discovered.[2] (Id.) The Leave of Absence Policy was produced again as

[1] Although the motion currently before the Court is a motion to modify the Scheduling Order, defendants submit that the standard for determining whether a motion to amend should be granted is relevant to the instant motion, given that the effect of granting the Motion to Modify will result in a motion to amend the Amended Complaint.
[2] The May 27, 2005 letter was addressed to Plaintiff's previous counsel of record. Surely, at the time that Plaintiff's current counsel assumed responsibility for the instant case, Plaintiff's counsel reviewed the file, which would have contained this letter as well as the relevant documents enclosed therewith.

part of discovery in this case on May 9, 2006 and alter was submitted as an exhibit to Fairfield's Motion for Summary Judgment.

Despite the production of this policy in May 2005 as part of the investigation before the RICHR, its production in May 2006 during discovery in this litigation, and its use as an exhibit in support of the Motion for Summary Judgment filed in July 2006, Plaintiff waited until February 2007 to seek to amend the Amended Complaint, ostensibly because it was only then that counsel discovered the relevant document. Without question, Plaintiff's counsel has been dilatory and there has been an undue delay. Moreover, given that discovery is closed and given the posture of this case (summary judgment is pending and oral argument is scheduled), Fairfield and CORE clearly would be prejudiced if the Motion to Modify is granted. The Defendants submit that the litigation should not be further delayed on account of the Plaintiff's dilatory review of the discovery produced in this case.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Modify the Court's Scheduling Order must be denied.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple________________
Martin W. Aron (*Admitted Pro Hac Vice)*
Edwards Angell Palmer & Dodge LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 376-7700
973-376-3380 (Fax)
maron@eapdlaw.com

CORE, INC.

By its Attorneys,

/s/ Timothy M. Bliss_____________
Timothy M. Bliss (#6228)
Vetter & White
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 (Fax)
tbliss@vetterandwhite.com

Raymond M. Ripple (#6489)
Edwards Angell Palmer & Dodge LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 28th day of February, 2007 and is available for viewing and downloading to the ECF registered counsel of record:

Keven A. McKenna, Esq.
Keven A. McKenna, P.C.
23 Acorn Street
Providence, RI 02903

Michael L. Solitro, Esq.
553 Dyer Avenue
Cranston, RI 02920

Brooks Magratten, Esq.
Timothy Bliss, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903

/s/ Raymond M. Ripple
Raymond M. Ripple