UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS, INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown,<br><br>Defendants. | ) | **Oral Argument Requested**<br><br>C.A. No. 05-500-T |

**DEFENDANT FAIRFIELD RESORTS, INC.'S OBJECTION TO REPORT AND RECOMMENDATION**

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, defendant Fairfield Resorts, Inc. hereby objects to the Magistrate Judge's Report and Recommendation issued June 8, 2007. Specifically, defendant Fairfield Resorts, Inc. objects to the Magistrate Judge's recommendation that its motion for summary judgment be denied with respect to Counts I, II, IV, and V, to the extent that the claims are based on plaintiff Shirley Schumacher's demotion.

Defendant Fairfield Resorts, Inc. respectfully refers this Court to the attached memorandum of law in support of its objection.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple
Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

Martin W. Aron (*Admitted Pro Hac Vice)*
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel. 973- 376-7700
Telecopy 973-376-3380
maron@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 22, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS, INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A,B,C: Unknown,<br><br>Defendants. | ) | **Oral Argument Requested**<br><br>C.A. No. 05-500-T |

**DEFENDANT FAIRFIELD RESORTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO REPORT AND RECOMMENDATION**

Defendant Fairfield Resorts, Inc. ("Fairfield") submits this Memorandum of Law in support of its Objection to the Report and Recommendation (the "R&R") issued by Magistrate Judge David L. Martin on June 8, 2007. In the R&R, the Magistrate Judge recommends denial of Fairfield's motion for summary judgment as to Counts I, II, IV, and V of Plaintiff's Amended Complaint, to the extent that these claims are based on Plaintiff Shirley Schumacher's ("Plaintiff") "demotion" while employed by Fairfield. With respect to these same counts of the Amended Complaint, however, the R&R recommends that Fairfield's motion for summary judgment be granted, to the extent the counts are based on Plaintiff's termination or on a theory of hostile work environment.

Pursuant to LR Cv 72, Fairfield respectfully submits that this Court should reject the Magistrate Judge's recommendations and findings regarding the Plaintiff's discrimination claims based on her "demotion." Specifically, Fairfield objects to the recommendation that its motion for summary judgment be denied with respect to the demotion claims for the following reasons:

(1) the Plaintiff has failed to establish as a prima facie case of employment discrimination with respect to her demotion claims; (2) the Plaintiff was never demoted, and therefore she has failed to show any harm caused by the demotion; and (3) the Plaintiff failed to proffer any evidence that the position from which she was allegedly demoted was filled by another individual with similar qualifications. Accordingly, for the foregoing reasons explained more fully below, Fairfield respectfully requests that the Court reject the Magistrate Judge's recommendations with regard to the demotion claims, and further enter summary judgment in favor of Fairfield on the entirety of Plaintiff's discrimination claims.

## BACKGROUND AND STANDARD OF REVIEW

In support of its objection to the R&R, unless otherwise indicated, Fairfield relies upon and incorporates by reference herein the facts set forth in the R&R, as well as the documentary evidence previously filed with the Court in support of its motion for summary judgment.

This Court reviews a magistrate judge's report and recommendation under a de novo standard. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Mills v. Brown, 372 F. Supp. 2d 683, 685 (D.R.I. 2005).

## ARGUMENT

### I. The Plaintiff Has Failed to Establish a Prima Facie Case of Age or Gender Discrimination With Respect to Her Demotion.

Because the Plaintiff failed to present any direct evidence of age or gender discrimination, her demotion claims are properly analyzed under the burden-shifting method first established by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under this burden-shifting method, the Plaintiff was first required to establish a prima facie case of discrimination. See Douglas v. J.C. Penney Co., 474 F.3d 10, 13-14 (1st Cir. 2007); Velázquez-

Fernández v. NCE Foods, Inc., 476 F.3d 6, 11 (1st Cir. 2007). To do so, she must show that (1) she was a member of a protected class; (2) she met the employer's legitimate performance expectations; (3) she experienced an adverse employment action; and (4) the employer had a continuing need for her services or she was replaced by someone with similar qualifications to hers. Id.; see also Fontanez-Nunez v. Janssen Ortho LLC, 447 F.3d 50 (1st Cir. 2006). Plaintiff failed to meet prongs two, three and four of this test as she was not meeting Fairfield's legitimate performance expectations when she left the company, she was not demoted, and she presented no evidence that the position continued after she left much less that it was filled by someone not of her qualifications.

### A. Plaintiff Was Not Meeting Defendant's Performance Expectations As the Salespeople She Managed Had Made No Sales.

Fairfield submits that the Magistrate Judge erred in concluding that the Plaintiff, at the time she was demoted, was meeting Fairfield's legitimate expectations. (R&R at 18.) Plaintiff was employed as the Manager for the Exit Program for Fairfield at the time of her "demotion." (R & R at 3.) In that program, the salespeople work to get customers who have decided not to purchase a full timeshare to enroll in a trial program at a lower cost. (Amended Statement of Undisputed Facts ("Statement") at ¶ 27.) In the period just before her supposed demotion, her sales team had made no sales. (Statement at ¶ 30.) Indeed, prior to her demotion, the Plaintiff's supervisor, Joseph Hutnick, met with her to discuss these concerns. (Id.)

Moreover, in addition to the fact that the Exit Program had not completed any sales during her management, Plaintiff had a history of disruptive and insubordinate conduct while at Fairfield. In the summer of 2002, the Plaintiff had received two Notices of Corrective Action from a previous supervisor, and the Plaintiff conceded during her deposition that a third Notice of Corrective Action would have resulted in her termination. (Statement at ¶¶ 16 – 18.) The



PRV_890697_1

Plaintiff's insubordinate conduct continued up to the time she was informed by Fairfield that she was no longer going to continue as manager of the Exit Program. In January 2004, an issue arose regarding the scheduling of sales associates' meetings with prospective customers. Although the issue was resolved by Fairfield, the Plaintiff, who was not involved in the situation, attempted to instigate a dispute. (Statement at ¶ 29.) Three different employees ultimately reported the Plaintiff's disruptive behavior. (Id.) Finally, later in January 2004, Plaintiff contacted another Exit Program that Mr. Hutnick had identified as an example of a successful program, to determine whether it was in fact successful at achieving any sales, but determined that it did not have an Exit Program. (Statement at ¶ 32.) The Plaintiff informed Mr. Hutnick that she concluded there was no Exit Program as identified by him, in effect calling her supervisor a liar for having suggested the other Exit Program. (Id.) Hutnick regarded Schumacher's conduct as insubordination and a challenge to his authority, given that the other Exit Program existed, albeit in a slightly different form. (Id.)

The Magistrate Judge, relying on two months of sales numbers *from April and May 2002*, and background facts from roughly the same period, held that Plaintiff was meeting Fairfield's performance expectations twenty months later, in 2004. (Id. at 18 – 19, 19 n.21.) These sales numbers are not only ancient, they were numbers accumulated while she worked for a predecessor of Fairfield's and while she worked in a different sales program. (Id. at 19 n. 21; Plaintiff's Affidavit ¶ 5, Ex. 3.)[1] They also predate her receipt of Corrective Actions. (Id.) If a plaintiff can meet this prong of her prima facie case by such cherry picking, the prong is meaningless.

[1] Indeed, the sales figures on which the Plaintiff relies relate to her work for Equivest, Inc., a predecessor to Fairfield. (Plaintiff's Affidavit ¶ 5, Ex. 3).

 PRV_890697_1

The Magistrate Judge's reliance upon Douglas v. J.C. Penney Co., Inc., 474 F.3d 10 (1st Cir. 2007) for his finding is misplaced. Douglas is inapposite because while the plaintiff in that case was a poor salesperson, he had no disciplinary history. Plaintiff in this matter, however, not only oversaw a team that was not making sales, but she was insubordinate both historically and immediately preceding her "demotion." More importantly, though, Douglas is inapposite because *the Court did not find that Douglas was meeting his employer's performance expectations;* rather, the Court found that he had met the lesser standard of being qualified for the position. Id. at 13-14. Fairfield respectfully submits, however, that in the context of an employee, such as Plaintiff, who has been holding the position in question, as opposed to an applicant for hire or promotion, the proper test is performance and not qualification. Obviously, any employee is qualified for his or her current position and, thus, for the prima facie case to have any meaning, we must look to performance.

Fairfield respectfully submits that in looking at performance, it is the Plaintiff's conduct and employment situation at and near the time of the alleged adverse employment action (here, the "demotion"), and not merely historical sales figures, that are the relevant benchmarks. See, e.g., Anders v. Waste Mgmt of Wis., Inc., 463 F.3d 670, 676 (7th Cir. 2006) (holding that employee must show she was meeting employer's legitimate expectations at the time of the alleged adverse action); Fane v. Locke Reynolds, LLP, 480 F.3d 534, 540 (7th Cir. 2007) (holding that fact that plaintiff performed some tasks well, but had a confrontational and disrespectful attitude, would not show that he was meeting the legitimate expectations of employer); Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 516 (4th Cir. 2006) (noting that the further back in time a court goes to evaluate an employee's performance, the more removed the evidence from the adverse employment action); O'Connor v. Consolidated Coin Caterers Corp.,

56 F.3d 542 (4th Cir. 1995) (holding that a review of an employee's 1989 performance was irrelevant to a determination of whether his performance was satisfactory at the time of his termination in August 1990), rev'd on other grounds 517 U.S. 308 (1996). Consequently, Fairfield submits that the Plaintiff has not established a prima facie case of discrimination because, at the time of her alleged demotion, Plaintiff cannot show that she was meeting Fairfield's legitimate expectations.

**B. Plaintiff Was Never Demoted, and Therefore Her Claims for Discrimination Fail as a Matter of Law.**

Even if this Court finds that Plaintiff has established that she was meeting Fairfield's performance expectations, Fairfield submits that the Plaintiff's demotion claims are subject to summary judgment because the factual record is clear that the Plaintiff was never demoted. On or about February 1, 2004, immediately prior to the Plaintiff leaving for a scheduled vacation to Florida, Mr. Hutnick informed the Plaintiff that she would be relieved of her managerial duties. (Statement at ¶ 36.) However, it is undisputed that the Plaintiff never returned to work at Fairfield after leaving for her vacation. (Id. at ¶¶ 35 – 38.) Indeed, the Magistrate Judge recommended dismissal of the Plaintiff's state and federal FMLA claims based on the very fact that the Plaintiff was unable to return to work until after her FMLA leave period expired. (R&R at ¶¶ 38 – 39.) Moreover, Plaintiff never proffered any evidence that would substantiate her alleged "demotion," such as a change in her working conditions, a reduction in salary, or any alteration of the terms of her employment.

The case of Ajayi v. Aramark Bus. Servcs., 336 F.3d 520 (7th Cir. 2003) is instructive on this point. In Ajayi, the plaintiff claimed that she was demoted on account of her race and age when her employer provided her a memorandum stating that her position was being eliminated, and that she would be demoted two weeks later. Id. at 131. The plaintiff, however, admitted that



PRV_890697_1

she never was demoted. As a result, the Seventh Circuit held that the plaintiff could not state a claim based on her demotion. "An unfulfilled threat [of demotion], which results in no material harm, is not materially adverse." Id. (citing Traylor v. Brown, 295 F.3d 783, 788 (7th Cir. 2002) ("A[n] employee must show that material harm has resulted from . . . the challenged actions.")).

Plaintiff cannot meet her prima facie case with respect to this demotion, because she was not demoted. Even if this phantom demotion qualified as an adverse action, Plaintiff was not harmed by it. Accordingly, Plaintiff's discrimination claims fail as a matter of law, to the extent they relate to any alleged "demotion," because it is clear from the record that she never suffered any harm.

### C. Plaintiff Has Failed to Establish That, Following Her "Demotion," She was Replaced by a Person With Similar Qualifications.

Plaintiff's discrimination claims in Counts I, II, IV, and V based on her alleged demotion also fail because she has not shown that she was replaced by a person with qualifications similar to her. See Rodriquez-Cuervos v. Wal-mart Stores, Inc., 181 F.3d 15, 19 (1st Cir. 1999) (citing St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993)). In Rodriquez-Cuervos, while addressing the other elements of the plaintiff's prima facie case of discrimination on account of his demotion, the First Circuit noted the independent nature of this prong of a plaintiff's claim for discrimination. 181 F.3d at 20 n.2 ("We indulge this assumption because we are doubtful whether [plaintiff] satisfied the fourth prong of the prima facie case, i.e., that [plaintiff]'s position remained open or was filled by a person whose qualifications were similar to his. [Plaintiff] failed to present any evidence on this element in any of his . . . motions.").

In this case, Plaintiff has submitted no evidence whatsoever to show that Fairfield sought to replace her (i.e. left her position open). Further, she has submitted no evidence that her position as Exit Program manager was filled by any other person – let alone one with similar

qualifications – during the time she was on medical leave or thereafter. Accordingly, Fairfield should be granted summary judgment as to Plaintiff's discrimination claims based on her alleged demotion.

## **CONCLUSION**

For the foregoing reasons, the Court should reject the recommendations of the Magistrate Judge with respect to the demotion claims asserted in Counts I, II, IV, and V of the Amended Complaint, and enter summary judgment in favor of Fairfield Resorts, Inc. on the entirety of Counts I, II, IV, and V.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple

Raymond M. Ripple (#6489)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

Martin W. Aron (*Admitted Pro Hac Vice)*
EDWARDS ANGELL PALMER & DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel. 973- 376-7700
Telecopy 973-376-3380
maron@eapdlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 22, 2007.

/s/ Raymond M. Ripple
Raymond M. Ripple