UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER<br><br>Plaintiff,<br>v.<br><br>FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown,<br><br>Defendants, | }<br><br>}<br><br>}<br><br>}<br><br>}<br><br>} | CIVIL ACTION NO. 05-500T |

**PLAINTIFF SHIRLEY SCHUMACHER'S MOTION**
**<u>TO ALTER OR AMEND JUDGMENT</u>**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure Plaintiff Shirley Schumacher ("Plaintiff") moves to Alter or Amend this Court's judgment entered March 27, 2008. Specifically, plaintiff moves to vacate this Court's order granting defendant Fairfield Resorts Inc.'s motion for summary judgment with respect to all claims applicable to her discriminatory demotion.

Plaintiff Shirley Schumacher respectfully refers this Court to the attached memorandum of law in support of her motion.

Shirley Schumacher

By her Attorneys.

<u>/s/ Keven A. Mckenna</u>
Keven A. McKenna #662
McKenna Law P.C
23 Acorn Street
Providence, RI 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-7914

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 9th day of April, 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Raymond M. Ripple, Esq.
rripple@eapdlaw.com

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Keven A. McKenna, Esq.
KevenM@MckennaLaw.com

/s/ Michael L. Solitro
Michael L. Solitro

UNITED STATES DICTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | } | CIVIL ACTION NO. 05-500T |
| Plaintiff, | } | |
| v. | } | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing Business in RI ; and A,B,C: Unknown, | } } | |
| Defendants, | } | |

**MEMORANDUM OF LAW IN SUPPORT OF SHIRLEY SCHUMACHER'S MOTION TO ALTER OR AMEND JUDGMENT GRANTING FAIRFIELD RESORTS INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Shirley Schumacher ("Plaintiff") submits this Memorandum of Law in support of her Motion to Alter or Amend the judgment issued by this Court on March 27, 2008. The Court rejected Magistrate Judge Martin's Report and Recommendation applicable to Plaintiff's discriminatory demotion claims issued June 8, 2007 and granted Fairfield Resorts Inc.'s ("Fairfield") motion for summary judgment to the extent that these claims are based on plaintiff's demotion while employed by Fairfield.

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff respectfully submits that this Court should consider altering or amending its findings. The Court held that Plaintiff failed to produce any evidence that an adverse employment action was taken against her. Plaintiff submits that there is documentary evidence in this case that shows the following; (1) Plaintiff was demoted from managing supervisor of sales associates to a lesser paying position of sales associate; (2) that Plaintiff's demotion adversely altered her terms and conditions of employment; and (3) the demotion caused Plaintiff personal, professional and

physical harm that ultimately required treatment by her physician. Accordingly, for the foregoing reasons explained more fully below, Plaintiff respectfully request that the Court Alter its judgment and vacate its order granting Fairfield summary judgment with regard to her demotion claims.

## BACKROUND AND STANDARD OF REVIEW

In support of her motion to Alter or Amend, Plaintiff relies upon and incorporates by reference herein the facts set forth in Magistrate Judge Martin's Report and Recommendation as well as the documentary evidence previously filed with the Court in support of Plaintiff's objection to defendant Fairfield's motion for summary judgment.

Motions to Amend or Alter a judgment are appropriate where the court misunderstood the facts, a party's arguments, or the controlling law. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)

## ARGUMENT

### I. **The Plaintiff had an adverse employment action taken against her when she was told that she was no longer a manager before leaving for a scheduled vacation.**

Plaintiff is able to point to the following evidence to support her claim that her demotion was an adverse employment action taken against her after she complained of discriminatory treatment by her supervisor Joseph Hutnick ("Hutnick").( Plaintiff's Aff. ¶ 4)

In January 2004, Plaintiff was employed by Fairfield as a sales manager supervising a team of sales associates which varied in number from nine to thirteen as manager she received a salary of $24,000 a year plus commissions. (Plaintiff's Fairfield Deposition (Plaintiff's Dep.") at 26-27, 32-33).

On or about February 1, 2004 Plaintiff was told by Hutnick that she was demoted from sales manager to sales associate. (Plaintiff's Dep. at 106) Her demotion is memorialized in Fairfield documents that include a personnel chart describing the actual effective date of her demotion to "sales associate" as January 31, 2004. (Plaintiff's Fairfield Affidavit, Exhibit, 1) and a Personnel Action Form dated February 11, 2004 that identifies her new job title as "Sales Associate". (Plaintiff's Fairfield Affidavit Exhibit, 5) These documents were offered by the Plaintiff as evidence of her discriminatory demotion and cited by Magistrate Judge Martin in his Report and Recommendation ("R&R") issued June 8, 2007 denying Fairfield's motion for summary judgment, to the extent that Plaintiff's discrimination claims were based on her demotion. (R&R at 22) It should be noted to the court that the effective date of Plaintiff's demotion was January 31, 2004 prior to her leaving for scheduled vacation.

**A. <u>Plaintiff's terms and conditions of employment were adversely effected by her Demotion.</u>**

The demotion to Sales Associate removed the Plaintiff from her salaried status as a Sales Manager at a loss of $24,000 a year and substantially reduced her duties and responsibilities as a result. (Plaintiff's Dep. at 78)

**B. <u>Plaintiff sustained personal, professional and physical harm as a consequence of her demotion.</u>**

To the extent that Plaintiff's gender and age discrimination claims against Fairfield are based on her demotion, such claims are viable and Fairfield's Motion as to such claims should be denied. (R&R at 58) Plaintiff's supervisor Mr. Hutnick demoted her following her complaints of his discriminatory treatment. Plaintiff's Fairfield Affidavit ("Plaintiff's Affidavit.") ¶ 4,

Plaintiff's demotion to sales associate and the loss of her salaried status caused her to become very depressed and to obtain medical treatment from Dr. James D. Gloor. (Plaintiff's Dep. at 89-91) She went on disability leave due to stress from work. (Plaintiff's Dep. at 76)

**CONCLUSION**

For the foregoing reasons, the Court should alter its judgment and vacate its order granting Fairfield summary judgment with respect to the demotion claims asserted in Counts I, II, IV, and V of Plaintiff's Amended Complaint.

.

Plaintiff Shirley Schumacher

By her Attorneys.

/s/ Keven A. Mckenna
Keven A. McKenna #662
McKenna Law P.C
23 Acorn Street
Providence, RI 02903
(401) 273-8200

/s/ Michael L. Solitro
Michael L. Solitro *( Pro Hac Vice)*
553 Dyer Avenue
Cranston, Rhode Island 02920
(401) 946-7914

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 9th day of April, 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Raymond M. Ripple, Esq.
rripple@eapdlaw.com

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Keven A. McKenna, Esq.
KevenM@MckennaLaw.com

/s/ Michael L. Solitro
Michael L. Solitro