UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER<br><br>Plaintiff,<br><br>v.<br><br>FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A, B, C: Unknown<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-500-T |

**DEFENDANT FAIRFIELD RESORTS, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and LR Cv 7(b), Defendant Fairfield Resorts, Inc. ("Fairfield") hereby objects to plaintiff Shirley Schumacher's Motion to Alter or Amend the Judgment entered in favor of Fairfield on March 27, 2008. Fairfield objects to the plaintiff's motion on the grounds that she does not satisfy the requisite standard for alteration of the judgment under Rule 59(e). Furthermore, this Court properly entered summary judgment, and later final judgment, in favor of Fairfield. In support of its Objection, Fairfield relies on the accompanying Memorandum of Law.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

Martin W. Aron (*Admitted Pro Hac Vice)*
EDWARDS ANGELL PALMER
& DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel. 973- 376-7700
Telecopy 973-376-3380
maron@eapdlaw.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that this document has been filed electronically on this 22nd day of April, 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Michael L. Solitro, Esq.
MLSolitroEsq@msn.com

Keven A. McKenna, Esq.
KevenM@McKennaLaw.com

/s/ Raymond M. Ripple
Raymond M. Ripple

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SHIRLEY SCHUMACHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-500-T |
| | ) | |
| FAIRFIELD RESORTS INC., a foreign Corporation doing business in RI and CORE INC., a foreign Corporation doing business in RI; and A, B, C: Unknown | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FAIRFIELD RESORTS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Defendant Fairfield Resorts, Inc. ("Fairfield") submits this Memorandum of Law in support of its Objection to plaintiff Shirley Schumacher's Motion to Alter or Amend Judgment. On March 27, 2008, this Court granted Fairfield's Motion for Summary Judgment and entered final judgment in favor of Fairfield on all counts of the plaintiff's complaint. (Document Nos. 88, 89).[1]

After never responding to Fairfield's Objection to the Report and Recommendation issued on June 8, 2007 that recommended granting Fairfield's Motion for Summary on all claims except the discriminatory "demotion" claims, plaintiff now objects to the grant of summary judgment and entry of final judgment in favor of Fairfield as to these claims. Fairfield submits that plaintiff's motion should be denied on the grounds that she fails to meet the standard for

[1] This Court also entered summary judgment and final judgment in favor of defendant CORE, Inc. on all counts of the plaintiff's complaint, but this aspect of the Court's order is not the subject of plaintiff's Motion to Alter or Amend the Judgment entered on March 27, 2008.

altering or amending a judgment under Rule 59(e), and because this Court properly concluded that Fairfield's discriminatory "demotion" claims fail as a matter of law.

## PROCEDURAL BACKGROUND

On July 17, 2006, Fairfield and its co-defendant, CORE, Inc., each moved for summary judgment on all counts of the plaintiff's complaint. On August 10, 2006, plaintiff filed her responses to the defendants' motions for summary judgment.[2] After holding a hearing on the motions, on June 8, 2007, Magistrate Judge David L. Martin issued a Report and Recommendation (the "R&R"), which granted Fairfield's motion for summary judgment on all Counts, except for Counts 1, 2, 4, and 5, to the extent that those claims are based on plaintiff's alleged demotion. (R&R at 61). On June 22, 2007, Fairfield objected to the R&R to the extent that it recommended denial of Fairfield's Motion for Summary Judgment as to plaintiff's claims based on her alleged demotion. Plaintiff never responded to Fairfield's objection.

On March 27, 2008, this Court adopted the R&R with the exception of the denial of summary judgment on the demotion claims in Counts 1, 2, 4, and 5, and further held that Fairfield's motion for summary judgment should be granted as to all counts of the plaintiff's complaint. (Document No. 88). As the basis for holding that plaintiff's demotion claims fail as a matter of law, this Court held that plaintiff failed to present any evidence that (1) she suffered an adverse employment action relative to her demotion claims given that she never returned to work after being told that, following her scheduled vacation, she would be relieved of her managerial duties; (2) she suffered any change in her working conditions, salary, or other terms of employment; and (3) she sustained any damages as a result of the prospect that she would be

[2] Following the filing of these briefs, the Court ordered all parties to re-file the documents to comply with the page limitations set forth in the Pretrial Order. The plaintiff and defendants later re-filed their papers.

relieved of her managerial duties upon returning to her employment. This Court entered final judgment on March 27, 2008.

On April 9, 2008, following entry of the Court's order granting summary judgment and the entry of final judgment in favor of Fairfield, plaintiff filed the instant Motion to Alter or Amend the Judgment.

## ARGUMENT

Motions to alter or amend a judgment under Rule 59(e) "must either clearly establish a manifest error of law or must present newly discovery evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992); see Cruz v. Clock Island Parasail, Inc., C.A. No. 05-336-S, 2006 WL 3488702, at *2 (D.R.I. Nov. 30, 2006) (citing cases). This court has made clear that "Rule 59(e) motions are for the purpose of *re*consideration, not initial consideration." DeSenne v. Jamestown Boat Yard, Inc., 781 F. Supp. 866, 869 (D.R.I. 1991) (emphasis in original); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 3 (1st Cir. 1998) ("A Rule 59(e) motion is aimed at reconsideration, not intitial consideration, and may not be used to argue a new legal theory.") (internal quotations omitted).

In this case, plaintiff has failed to present any manifest error of law or newly discovered evidence that would warrant the alteration or modification of the judgment entered in this case. As grounds for reversing the judgment in favor Fairfield on the demotion claims, plaintiff argues that she suffered an adverse employment action on account of her "demotion" because (1) she was demoted from managing supervisor to the position of sales associate; (2) the demotion adversely altered the terms of her employment because she was to receive a lower salary; and (3) she was damaged because the loss of her salaried status caused her to suffer depression and obtain medical treatment. (Motion to Alter Judgment at 5 – 6). In so arguing, plaintiff ignores

the critical fact that this Court based its decision in part on the fact that plaintiff was never actually demoted. As Fairfield argued in its Motion for Summary Judgment, and again in its Objection to the R&R, the plaintiff did not suffer an adverse employment action because she never returned to work at Fairfield after leaving for her scheduled vacation. (See Fairfield's Objection to R&R at 6). The Court's reliance on that fact when it dismissed the plaintiff's demotion claims is hardly a manifest error of law. Indeed, the Magistrate Judge recommended dismissal of the plaintiff's state and federal FMLA claims based on the related fact that plaintiff claimed that she was unable to return to work until after her FMLA leave period expired – a point of law that this Court adopted in granting Fairfield's Motion for Summary Judgment and which the plaintiff never contended was in error after losing that point in the R&R.

In an attempt to escape the fatal flaws that are inherent in her demotion claims, plaintiff argues in her motion that she was in fact demoted prior to leaving for vacation and therefore she suffered an adverse employment action. This conclusory argument, however, fails to take into account the uncontested fact that she never returned to work, a fact which this Court in part based its decision to grant Fairfield summary judgment. (See March 27, 2008 Order Granting Summary Judgment, Document No. 88). Moreover, despite the plaintiff's representations to the contrary, the Magistrate Judge never relied on this evidence to support denial of the Motion for Summary Judgment as to the demotion claim and the plaintiff never made the argument to this Court. See DeSenne, 781 F. Supp. at 869 (denying motion under Rule 59(e), reasoning in part that "[p]laintiff, in the present motion, relies to a great extent on arguments and facts that could have been raised in her opposition to the original motion to dismiss but, inexplicably were not"). Indeed, she never even responded to Fairfield's Objection to the R&R, instead waiting until after this Court entered final judgment to point to materials in the factual record never relied on

previously. Accordingly, plaintiff's Motion to Alter or Amend the Judgment in favor of Fairfield should be denied.

## CONCLUSION

For the foregoing reasons, and the analysis previously set forth in Fairfield's Motion for Summary Judgment and its Objection to the Report and Recommendation, plaintiff's Motion to Alter or Amend the Judgment should be denied.

FAIRFIELD RESORTS, INC.

By its Attorneys,

/s/ Raymond M. Ripple
EDWARDS ANGELL PALMER
& DODGE LLP
2800 Financial Plaza
Providence, RI 02903
Tel. 401-274-9200
Telecopy 401-276-6611
rripple@eapdlaw.com

Martin W. Aron (*Admitted Pro Hac Vice)*
EDWARDS ANGELL PALMER
& DODGE LLP
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Tel. 973- 376-7700
Telecopy 973-376-3380
maron@eapdlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that this document has been filed electronically on this 22nd day of April, 2008 and is available for viewing and downloading to the ECF registered counsel of record:

Timothy M. Bliss, Esq.
tblsiss@vetterandwhite.com

Brooks R. Magratten, Esq.
bmagratten@vetterandwhite.com

Michael L. Solitro, Esq.
MLSolitroEsq@msn.com

Keven A. McKenna, Esq.
KevenM@McKennaLaw.com

/s/ Raymond M. Ripple
Raymond M. Ripple